## City of Dallas v. J. W. Muncton.

### Decided November 5, 1904.

**1.—Evidence—Value of Time.**

In an action for personal injury testimony by plaintiff that the value of his labor in his blacksmith shop would average $5 a day was objected to on the ground that it related to his business, which admitted of accurate and exact proof. The evidence showed that plaintiff, in connection with his brother, was conducting a blacksmith business in which other men were employed. Held, that the testimony was legitimate.

**2.—Same—Personal Injury—Irrelevant Testimony.**

Where plaintiff in an action against a city for personal injury, including a rupture, caused by a defect in a street, had testified to a prior rupture from an injury received on a county bridge, the court properly refused to allow a further inquiry to show that he had consulted a lawyer as to such prior injury and had been advised that he had no recourse against the county therefor.

**3.—Pleading and Charge—Cause of Injury—Defect in Street.**

Allegations in plaintiff's petition averring negligence on the part of defendant city in refilling a sewer pipe ditch in a street and in thus allowing a hole to be made and to remain in the middle of the street, held to warrant a charge that if the defendant exercised ordinary care in refilling said trench, and notwithstanding such care "a dangerous hole occurred in said street by the sinking of said street over said sewer pipe," and the city knew of said hole in time to have repaired the same, but failed to do so, it would be liable.

**4.—Streets—Defective Condition—Personal Injury—Charge.**

Where in an action against a city for personal injuries resulting from a defect in a street the evidence showed that there was a hole in the middle of the street with room on either side for travel, and that the city had not closed the street to travel and had placed no signals to mark the hole, and that plaintiff did not know that the hole then existed, the court was justified in charging that plaintiff had the right to travel on the street and to assume that it was in safe condition.

Appeal from the District Court of Dallas. Tried below before Hon. Richard Morgan.

*J. J. Collins* and *W. T. Henry*, for appellant.—1. In proving the value of his time lost as a result of personal injuries, a plaintiff should not be permitted to testify to an approximation of the receipts of his business prior to the time of his injury, in the conduct of a business.

Masterson v. Mount Vernon, 58 N. Y., 391; Fisher v. Junsen, 128 Ill., 159.

2. The charge of the court should not submit an issue not made by the pleadings of the case. Western Un. Tel. Co. v. Smith, 30 S. W. Rep., 937, 88 Texas, 9; I. & G. N. Ry. Co. v. Eason, 35 S. W. Rep., 298; Texas & P. Ry. Co. v. Hightower, 33 S. W. Rep., 541; Gulf, C. & S. F. Ry. Co. v. Irvine & Woods, 73 S. W. Rep., 541.

3. If a person by the exercise of reasonable care should have known that a public street was in a dangerous condition and travels over same in preference to other routes equally direct and convenient to him, he is precluded from recovering on account of the unsafe condition of the street. City of Dallas v. Moore, 74 S. W. Rep., 95; Railway Company v. Gasscamp, 69 Texas, 547.

*Wm. H. Clark,* for appellee.—Plaintiff had the right to prove the value of his lost time in the way he did. When the nature of the case does not disclose the existence of better and higher evidence, the party objecting to the evidence offered on the ground there was better and more exact proof, must not only prove its existence, but also that it was known to the other party in time to have produced it on the trial. Lewis r. San Antonio, 7 Texas, 288; Allen v. State, 8 Texas Civ. App., 67; Burton v. Driggs, 20 Wall. 125.

RAINEY, CHIEF JUSTICE.—J. W. Muncton instituted this suit in the District Court of Dallas County against the city of Dallas, to recover damages for alleged personal injuries. In his first amended original petition, upon which he went to trial, it was stated that on or about the 28th day of July, 1902, at or about 8:30 o'clock p. m., the plaintiff was driving in his buggy on Ross Avenue in Dallas. That when he reached a point on Ross Avenue at or about the intersection of Texas Street, his horse's front feet went into a deep hole in the middle of Ross Avenue, said hole being where a sewer of the city of Dallas had lately been constructed, and the fore feet and legs of his horse sank into the hole, and the horse sank, fell and was thrown down and plunged and jerked to extricate himself from the hole, whereby plaintiff was thrown with great violence and force against the dashboard and front wheel of the buggy, and while endeavoring to get back into the buggy was thrown with great violence and force against the back of the buggy and was seriously and permanently injured.

That the defendant had a few weeks prior to this accident constructed one of its sewers at the place where plaintiff was injured, along and about the middle of Ross Avenue, said sewer extending from Texas Street east to Pavilion Street. That after digging a deep ditch for said sewer and laying the sewer pipe therein, the ditch at said place where plaintiff was injured, in the middle of Ross Avenue, was carelessly and negligently and only partially filled with loose and dry dirt, so as to leave or make or cause said hole in the middle of the street, as aforesaid, and this faulty, careless and negligent construction of said sewer at the place where plaintiff was injured left Ross Avenue in a defective

and dangerous condition and was the direct and proximate cause of plaintiff's injuries. That defendant was negligent in allowing said hole to remain in said condition, and to allow said hole to be made and to remain in the middle of said street.

That the street was at that place and time in darkness; that no lanterns or any other warnings had been displayed, and plaintiff had no knowledge of the existence of the hole. That as a result of his accident, plaintiff was seriously and permanently injured in various parts of his body, specifically named; was ruptured, caused to evacuate and expectorate blood, so weakened that he could not perform his usual labor, and suffered mental anguish, all to the amount of $10,000. In addition to this, he claimed $226 incurred for medical treatment of physicians.

The defendant answered by special exception, general demurrer and denial, and special answer to the effect that the plaintiff was guilty of contributory negligence in failing to exercise proper care in the use of the street and avoiding the depressions, if there were any; that the street was well lighted, and the plaintiff could and would have kept away from the depression, had he exercised any degree of care. That if there was any defective place in the street it was of a trivial character and not of a nature from which any danger could have reasonably been anticipated by the city or its officers.

That the defendant had no knowledge, either actual or constructive, of any defective condition in the street, if there was any. That the plaintiff was further guilty of contributory negligence in using the street at this point, if the same was in as defective a condition as claimed by him, in that there were a number of other streets parallel to Ross Avenue which would have carried the plaintiff directly to his destination, which other streets were in a perfectly safe and satisfactory condition of passage, as well known to plaintiff, and plaintiff should have chosen one of such streets as his route of travel, and having failed to do so, but used a street known by him to have been dangerous, is precluded from recovery.

The jury returned a verdict for plaintiff for $1750, and judgment was originally entered upon the verdict for that amount. Subsequently plaintiff entered a remittitur of $226, and the judgment thereupon was reduced to $1524.

The proof sustains the allegations of the petition, and the jury were warranted in finding for plaintiff.

The first assignment of error complains of the action of the court in permitting the plaintiff to testify that the value of his labor in his blacksmith shop "would average $5 a day," the contention being that it was testimony relative to his business, which admitted of accurate and exact proof. This assignment is not well taken. The evidence showed that plaintiff, in connection with his brother, was conducting a blacksmith business in which other men were employed, and the testimony complained of only related to the value of his personal services in connection therewith. The testimony was legitimate.

The second assignment of error complains of the action of the court in excluding testimony of plaintiff that he had consulted a lawyer and

received legal advice that he had no recourse against the county for a prior injury received on a county bridge. One of the injuries alleged to have been sustained and for which a recovery is here sought is that of rupture. Plaintiff testified that he was ruptured prior to the accident complained of, and it was improper to pursue the inquiry as to his consulting a lawyer and the lawyer's advice, and it was not error in the court in not admitting the testimony complained of.

The third assignment of error complains of the following charge: "If the defendant exercised such care in refilling said trench, and notwithstanding such care, if there was such care, a dangerous hole occurred in said street by the sinking of said street over said sewer pipe, and the defendant knew of the existence of such hole in time to have repaired the same by the use of reasonable diligence, and failed so to do, then such failure to repair would be negligence on the part of the defendant."

The proposition presented is: "The charge of the court should not submit an issue not made by the pleadings of the case." Appellant contends that plaintiff's action was based on the careless refilling of the sewer ditch, but that the instruction goes further and authorizes a recovery, if the hole was caused from an additional and "perhaps" independent cause. The evidence shows that the hole was occasioned by defective filling of the sewer ditch and permitted to remain until after plaintiff was hurt. The petition alleged negligence in refilling the ditch, and further alleged that the city was negligent in allowing said hole to be made and to remain in the middle of said street. No exceptions were made to the petition, and the allegations and evidence warranted the charge.

The fourth and fifth assignments complain of the charge of the court in submitting to the jury the question of actual knowledge on the part of the city. The court submitted both questions of actual and constructive notice. The contention is that there was no evidence of actual knowledge on the part of the city. The evidence was sufficient to charge the city with notice, and the charge as to actual notice was harmless, if in fact there was no actual notice proven. But it is not clear that such is the case. The evidence showed a defective refilling of the sewer ditch from which the hole resulted, and one that might have resulted from such work, and holes along this ditch and near the one which caused the injury had been filled by the city with stones, from which actual knowledge might have been inferred.

The court charged the jury as follows: "At the time of the alleged accident in this case, Ross Avenue had not been closed to travel, and therefore the public had a right to travel thereon, and anyone having occasion to travel thereon had the right to assume, in the absence of knowledge to the contrary, that the said street was in a reasonably safe condition for travel, but it was the duty of the plaintiff to exercise such care for his own safety as a person of ordinary prudence would exercise under like circumstances, and a failure to exercise such care would be negligence on his part." This is assigned as error, and it is contended that the charge is argumentative and indicative of the views of the court as to negligence of plaintiff. The evidence shows that the hole was in the middle of the street and that there was room on either

side for travel; that the city had not closed the street to prevent travel and had placed no signals to mark the hole, and plaintiff had no knowledge that the hole existed at the time, he testifying that he thought it had been filled. Under these facts the court was justified in assuming that anyone had the right to travel thereon and in so instructing the jury.

Nor do we believe the court erred in refusing the special charge requested to the effect that if the said street was in an unsafe condition, which was known to plaintiff, and there were other streets he could have traveled to his destination, it was his duty to travel them, and he could not recover. The evidence did not warrant this charge. It was not sufficient to show that Ross Avenue was in such a condition as would require plaintiff, in the use of ordinary care, to depart from his customary route and adopt another.

The judgment is affirmed.

*Affirmed.*

#### ON MOTION FOR ADDITIONAL FINDINGS OF FACT.

Appellant's motion for additional findings of fact is overruled, except we further find that there were other streets running parallel with Ross Avenue that were safe for travel, which appellee could have used in going to and from his home to his place of business.

Writ of error refused.