### H. HARVEY v. GEO. WILDER & COMPANY.

Decided November 10, 1910.

**Conversion—Chattel Mortgage—Landlord's Lien—Fundamental Error.**

A landlord was not liable for conversion of crops raised by his tenant and on which he had a lien for rent, at suit of one holding a chattel mortgage on the same cotton, by virtue of the fact that, the tenant having gathered and delivered it to him with request that he sell it, he did so, retaining that part of the proceeds due him for rent and paying over the balance to his tenant; nor from the further fact that, at request of the tenant, he took the latter's share of the proceeds to a bank and paid it on a note which the tenant there owed. A recovery had on proof of such facts alone presented fundamental error requiring reversal without an assignment of error raising the question.

Appeal from the County Court of Parker County. Tried below before Hon. F. O. McKinsey.

*T. F. Temple* and *Hood & Shadle,* for appellant.

*J. M. Richards,* for appellees.

LEVY, ASSOCIATE JUSTICE.—While the judgment can not be reversed upon the assignments presented, as affording no proper ground therefor, yet we are of the opinion that the record manifestly presents such fundamental error, going to the foundation of the action against appellant, as to require us on our own motion to notice and reverse the judgment as to him, as in the proper and correct administration of the law. The suit against appellant was for conversion of three bales of cotton on which appellees, Wilder & Company, claimed to have a chattel mortgage. The facts show without dispute that Glover was a tenant on the farm of appellant, and had given the appellees, merchants, a chattel mortgage on his cotton crop to be grown during the year 1908 on the appellant's farm, for a debt owing to them in the previous year. The tenant, during

the year 1908, borrowed money from the bank and gave a note therefor, with his son-in-law and appellant as sureties thereon. In the fall of the year the tenant gathered and had ginned three bales of his cotton crop, and carried them to the residence of appellant and put them in his yard. Later on the tenant directed appellant to sell the cotton, which appellant did. Appellant returned home with the proceeds of the sale of the three bales of cotton, and in the presence of the tenant counted out one-fourth of the proceeds as rent due and owing him, and handed the tenant the balance of the money. The tenant, instead of taking the money offered him, directed appellant to take it to the bank and pay off the note for him, and appellant merely did as directed. This is all the evidence relied on to show the alleged conversion of the cotton and to support the judgment against appellant in favor of Wilder & Company. It may have been a breech of contract on the tenant's part in failing to pay over his part of the proceeds of the sale of the cotton to the mortgagees instead of paying off his note at the bank. And that much could be said. But it nevertheless must be said that appellant, on the facts in the record, could not legally be held responsible to the mortgagees for the concern he had to do with the money. He did not exercise any act of ownership, or claim or appropriate any part of it except his lawful rent to his own use. He merely, under the authority and direction of the tenant, who owned the money, carried and delivered the same for the tenant to the bank to be applied by the bank to the payment of the tenant's note there. The tenant, it is seen, was primarily liable for the debt at the bank. It was the tenant's money at the time, because the chattel mortgage lien of appellees was upon the cotton, and not on the specific money. It could not be said that appellant was liable to the mortgagees for the conversion of the cotton. Appellant was the landlord, and had a superior statutory lien on the cotton for his rent, and only applied to his own use and benefit the amount of the rent due and owing him, and gave to the tenant, who directed the sale, the entire balance. The tenant was entitled to receive the entire balance of the proceeds of the sale as against appellant. Having a superior landlord's lien, and the tenant consenting at the time to the sale, the appellant could legally sell the cotton and not be liable for conversion of the sale of the same on the mere fact of selling. It follows that there is no legal warrant in the record for the judgment against appellant for conversion of the cotton as alleged, and it should be reversed and remanded; the judgment as to Glover, who did not appeal, is not disturbed, but will remain as entered.

*Reversed and remanded.*