GORMAN CO. v. JONES. (No. 8708.)

(Court of Civil Appeals of Texas. Dallas. Nov. 11, 1922.)

1. Landlord and tenant ⬉239—Tenant not claiming property turned over to landlord but seized under writ of sequestration, it was in law in landlord's possession.

Where tenant had turned over property to his landlord to sell and apply the proceeds on tenant's debt, and at the time of the seizure under writ of sequestration tenant was not claiming it, it was in law in possession of the landlord, though on the leased premises.

2. Sequestration ⬉18—Landlord in possession of tenant's property claiming as lienholder could try right of property.

Where disputed property when sequestered was in possession of a landlord claiming as a lienholder, he had a legal right to file a claimant's oath and bond and maintain the statutory action of the trial of right of property.

3. Sequestration ⬉18—Burden on mortgagee to establish priority of lien on tenant's chattels in possession of landlord.

Complete Tex. St. 1920, Vernon's Ann. Civ. St. 1914, art. 7785, provides, in cases arising under the statutory proceeding of trial of right of property, if property was taken from possession of claimant, the burden of proof shall be on plaintiff; and, where tenant's property was in landlord's possession, the burden of proof was on plaintiff claiming as mortgagee to establish priority of his lien.

4. Chattel mortgages ⬉138(3) — Landlord's lien for animals and supplies furnished tenant held superior to that of chattel mortgagee.

In view of Complete Tex. St. 1920, Vernon's Ann. Civ. St. Supp. 1918, arts. 5475, 5477, providing for landlord's preference lien for rent money and tools and supplies furnished tenant to make a crop, and continuing lien as to tools and supplies so long as they are on the leased premises and one month thereafter, where landlord's lien took effect in the spring of 1920, it had priority over a chattel mortgage given October 5, 1920, not only by the statutes but by priority in time.

Appeal from Freestone County Court; S. W. Robinson, Judge.

Suit to foreclose a chattel by the Gorman Company against Ned Soloman, in which Abe C. Jones files a claimant's oath and bond, and institutes statutory proceeding of trial of right of property. Judgment for claimant, and plaintiff appeals. Affirmed.

Matt Cramer, of Marshall, for appellant. Williford & Geppert, of Teague, for appellee.

SERGEANT, C. J. Ned Soloman was a tenant on the farm of appellee, Abe C. Jones, for the years 1919 and 1920, under an agreement to pay such landlord as rental one-third of the corn and one-fourth of the cotton raised on the premises. In the spring of 1920 the landlord furnished the tenant two mules and supplies to enable him to make a crop on the rented premises for that year. On the 5th day of October, 1920, Soloman executed to appellant, W. C. Gorman, trading as the Gorman Company, a merchant in the vicinity, a chattel mortgage on the 1920 crop, the mules in question, and other property not involved herein. The chattel mort-

gage was recorded forthwith on October 5, 1920, in the office of the county clerk of Freestone county, Tex., where the farm was situated.

On December 14, 1920, Soloman executed to appellant, W. C. Gorman, a bill of sale to four bales of cotton grown and then located on the leased premises, less one bale, which both recognized as belonging to the landlord. So far as the record discloses, appellant did not record this bill of sale or make its contents known to the landlord, or make any attempt to take possession of the cotton as owner. Some days later the tenant turned over to the landlord both of the mules, the cotton, corn, and all the crop, with instructions to dispose of them and apply the proceeds on the debt owing the landlord. A few days later, and on the 31st day of December, 1920, W. C. Gorman, appellant, filed suit against Soloman on the notes owing him, and asked for foreclosure of his chattel mortgage lien on the property. No allegation of ownership of the three bales of cotton was made, but foreclosure of the chattel mortgage lien was sought on the cotton, as well as on the other mortgaged property. At the same time appellant sued out a writ of sequestration, and seized the mules, corn, and cotton while still on the leased premises. Appellee filed a claimant's oath and bond, and instituted the statutory proceeding of trial of right of property in the mules, cotton, and corn. An issue was made up between the contending parties, which was tried before the county court of Freestone county, and, it appearing to such court that the indebtedness of the tenant to the landlord was in excess of the value of the property claimed by him, the court declared the lien of the landlord superior to that of the mortgagee, and rendered judgment accordingly. From this judgment W. C. Gorman appeals.

[1] As the tenant was not claiming the mules, cotton, and corn in controversy at the time of their seizure under the writ of sequestration, and as they were at such time on the leased premises, they were in law in the possession of the landlord. Groesbeck v. Evans (Tex. Civ. App.) 83 S. W. 431.

[2] As the disputed property when sequestered was in the possession of the landlord claiming as a lienholder, he had the legal right to file the claimant's oath and bond and maintain the statutory action of trial of right of property. Durham v. Flannagan, 2 Willson, Civ. Cas. Ct. App. § 24; Groesbeck v. Evans (Tex. Civ. App.) 83 S. W. 431, and cases cited therein.

[3] Article 7785 of Complete Statutes of 1920 provides that in all cases arising under the statutory proceeding of trial of right of property, "If the property was taken from the possession of the claimant, the burden of proof shall be on the plaintiff." Therefore, being in appellee's possession, the court did not err in holding that the burden of proof in this case was on the appellant to establish the priority of his lien, if such he had. Rogers v. Grigg (Tex. Civ. App.) 29 S. W. 654.

[4] But the main question for determination before us is as to the priority of the conflicting liens on the property. Article 5475 of the Complete Statutes of 1920 (Vernon's Ann. Civ. St. Supp. 1918, árt. 5475) provides that—

"All persons leasing or renting lands or tenements at will or for a term of years shall have a preference lien upon the property of the tenant, as hereinafter indicated, upon such premises, for any rent that may become due and for all money and the value of all animals, tools, provisions and supplies furnished by the landlord to the tenant [to enable the tenant] to make a crop on such premises."

The record discloses that the animals and supplies were furnished by the landlord to the tenant in the spring of 1920. The landlord's lien therefore became effective immediately upon furnishing such mules and supplies. Under article 5477 of the Complete Statutes of 1920 (Vernon's Ann. Civ. St. Supp. 1918, art. 5477), this lien continued:

"As to such agricultural products and as to animals, tools and other property furnished to the tenant, as aforesaid, so long as they remain on such rented or leased premises, and for one month thereafter."

Therefore the landlord's lien took effect in the spring of 1920, and remained a lien upon such property continuously and was so in effect at the time of the trial. The chattel mortgage was given on October 5, 1920, and recorded on the same date, and took effect immediately upon its recording, and remained continuously in effect thereafter. The lien of the landlord not only has priority by force of the statute above quoted, but also by reason of the fact that it was prior in point of time and in effect for virtually six months before the inception of the chattel mortgage lien. Harvey v. Wilder, 62 Tex. Civ. App. 618, 131 S. W. 851; Durham v. Flannagan, 2 Willson, Civ. Cas. Ct. App. § 25; Rogers v. Grigg (Tex. Civ. App.) 29 S. W. 654. Therefore the court did not err in holding the lien of the landlord superior to that of the chattel mortgagee.

We find no error in the holding of the trial court, and the judgment is therefore affirmed.