R. L. GRAVES V. THE STATE.

No. 16828. Delivered June 13, 1934.

The opinion states the case.

*N. T. Stubbs,* of Johnson City, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of fraudulently disposing of mortgaged property, and his punishment assessed at confinement in the State penitentiary for a term of two years.

The facts as disclosed by the record, briefly stated, are as follows: On the 12th day of November, 1932, the appellant

made and delivered to the First State Bank of Burnet, Texas, a certain promissory note in the sum of $930.34, due and payable to the First State Bank at Burnet, Texas, 90 days after date, and to secure the payment of said note when due he also made and delivered to said bank on said date a mortgage against 300 head of sheep located on C. R. Word's ranch, together with all increase as well as all wool grown and shorn from the above described sheep. About the 20th day of May, 1933, the appellant sheared his sheep and sold the wool to Mr. E. C. Fowler for a total sum of $67.72. This money was not applied by the appellant to the payment of the note which he owed the bank. The testimony on behalf of the State further showed that a great number of the appellant's sheep died but the exact number of the dead sheep is not revealed by the record.

The appellant assails the sufficiency of the indictment. We have examined the indictment and believe that the same is sufficient.

By bill of exception No. 1 the appellant complains of the action of the trial court in sustaining the State's objection to the following testimony of the appellant: "Someone had to pay the pasturage out there to C. R. Word; that was what I used it for, the check in the sum of $67.72 which I received for the sale of the wool." The court attaches to the bill the following qualification, to-wit: "The district attorney objected to the questions and answers made before the jury and his objection was sustained, but he did not request the exclusion of this evidence nor was the same excluded by the court. The jury heard all the questions and answers thereto." We believe the appellant's contention must be sustained because the mortgage upon its face discloses the fact that the appellant was pasturing his sheep in C. R. Word's pasture of which the bank had knowledge at the time it took the mortgage and therefore C. R. Word had a prior lien on the wool as well as the sheep, and if the appellant sold the wool and applied the money to the payment of the rent due to Word, then he could not be guilty of fraudulently disposing of mortgaged property as Mr. Word was entitled to priority of payment out of the sheep and wool, and in support of the views herein expressed we refer to the following cases: Rogers v. Grigg et al., 29 S. W., 654; Gorman Co. v. Jones, 245 S. W., 448. Again, if the appellant thought that Word was entitled to be paid the amount due for pasturing the sheep out of the wool, whether in fact he was or not, and the appellant under such a belief sold the wool and had no present intention of defrauding the bank, then he would

not be guilty of fraudulently disposing of mortgaged property because the fraudulent intent, which is the gist of the offense, would be lacking. We are constrained to hold that the appellant should have been permitted to testify that he sold the wool and used the proceeds of the sale in payment of the rent due Mr. Word for pasturing the sheep, and this issue should have been submitted to the jury under appropriate instructions because the fraudulent intent which is the gist of the offense was a question to be submitted to and determined by the jury.

In view of the disposition we have made of this case it is unnecessary to discuss any of the other matters complained of.

For the error hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.