HOUSTON EAST & WEST TEXAS RAILWAY COMPANY v.
W. J. REASONOVER AND WIFE.

Decided June 1, 1904.

**1.—Nuisance—Damages.**

Plaintiff could recover damages for a nuisance created by defendant in placing green ties in front of plaintiffs' home and allowing water to collect under them, causing decay and disagreeable odors, the items of damage being loss of time and all discomforts in the home arising from the nuisance, such as vile odors, causing either bodily or mental pain; but no recovery could be had for the unsightly appearance of the ties or the marring of plaintiff's view.

**2.—Same—Mental Anguish.**

In order to recover for mental pain caused by disagreeable odors and sickness as a result of a nuisance, it must be proved that such mental pain existed and was caused by the nuisance and it can not be presumed from an attack of chills and fever.

**3.—Verdict—Separate Items.**

A verdict allowing damages for physical pain and mental anguish should state the amount allowed for each.

**4.—Evidence—Loss of Time.**

Testimony by plaintiff that the time lost while he was sick and in waiting on his wife and minor children was sixty or seventy days did not show how much time was spent in waiting on the children and was insufficient to support a finding of $50 for such item.

**5.—Excessive Verdict—Remittitur.**

Remittitur of $50 found for loss of time in waiting on minor children, $50 for obstructing plaintiffs' view and $100 for mental and physical suffering caused by sickness, in addition to $50 for medicines and doctor bills voluntarily remitted, required of plaintiffs as a condition of affirming judgment in an action for damages caused by nuisance.

Appeal from the County Court of Nacogdoches. Tried below before Hon. Robert Berger.

*Baker, Botts, Baker & Lovett* and *A. H. Jayne,* for appellant.

*Mims & King,* for appellees.

FLY, ASSOCIATE JUSTICE.—Appellees sued to recover of appellant damages alleged to have accrued from appellant having placed ties on its right of way on a street in the town of Garrison in front of their residence, said ties being green pine, and under which water collected and became foul and stagnant, and the timber becoming decomposed emitted offensive and sickening odors, which produced malaria and caused the sickness of appellees and their family, whereby they suffered great bodily pain and mental anguish. It was also alleged that the ties obstructed appellees' view of the town of Garrison, which from the front of their residence afforded an attractive, pleasant and agreeable appearance. They asked for damages for seventy days loss of time, $100; for medicines, $30; for medical services, $50; for obstruction of their attractive view of the town, $250; for the entrance into their home of disagreeable, noxious and vile odors, and because of pain of body and distress of mind caused by sickness, $570; aggregating the sum of $900.

The jury found for appellees $50 for loss of time waiting on their minor children, $50 for medicine and doctors' bills, $50 for obstruction of view, $100 for suffering· caused by unpleasant and disagreeable odors, and $100 for mental and physical suffering caused by sickness of appellees, making a total of $350.

Appellees admit, in their brief, error in the verdict and judgment in the sum of $50 given for medicine and medical service and offer to remit the same.

The facts show that by placing the ties upon the right of way in front of appellees' residence and allowing the water to collect about them and cause decay and decomposition and filthy and disagreeable odors, appellant was guilty of creating a nuisance, and is liable for the damages arising therefrom. Daniel v. Railway Co., 96 Texas, 327, 72 S. W. Rep., 578; Lockett v. Railway Co., 78 Texas, 211.

As items of damages resulting from the nuisance appellees were entitled to recover for loss of time, for all the discomforts in the home arising therefrom, such as vile odors, whether they caused mental or bodily pain or both, but they could not recover for the unsightly appearance presented by the ties to the eye, nor the marring of the charming vista in front of their home. In order to have recovered damages for mental pain there should have been some proof that such pain existed and was created by the discomforts and sickness. There is no proof whatever of the existence of mental pain or anguish, and it can not be presumed to have arisen from an attack of chills and fever. This court has time and again recognized and enforced the rule that when serious bodily injury has been received through wounds of any character, and there is long confinement and disability resulting therefrom, mental as well as physical pain necessarily accompanies it, and direct proof is not necessary to show it. This is as far, however, as the rule should be carried. The mental and physical pain not being separated in the verdict, it is impossible to say how much was found for one or the other and they must fall together.

The verdict gave $50 for loss of time in waiting on their minor children. The only testimony on that subject was that of W. J. Reasonover, who said: "I suppose the time I was sick and in waiting on my wife and children I lost sixty or seventy days. I was in the mercantile business and my time was usually worth $75 or $100 per month." The verdict does not show how much time was spent in waiting on the minor children, and there is nothing on which to base a finding on that item of damages.

If appellees will remit within ten days the amount of $50 found for loss of time in waiting on their minor children, $50 found for obstructing the view from their residence, and $100 found for mental and physical suffering caused by sickness, in addition to the $50 remitted for medicines ·and doctor bills, the judgment will be affirmed as to the remaining $100; otherwise it will be reversed and the cause remanded.

*Reversed and remanded.*