## CLARA BARKLOW v. ED AVERY.

### Decided October 21, 1905.

**1.—Damages—Keeping Vicious Dog.**

The owner, keeper or harborer of a vicious dog, known to him to be such, is under a duty, which is not discharged by the exercise of ordinary care, to restrain the dog, and if it is permitted to run at large, he is liable for such damages as may be inflicted by it.

**2.—Same—Dog Owned by Servant.**

The same degree of liability attaches to an owner of premises who allows his agent or servant to keep a vicious dog thereon, knowing its vicious propensities.

**3.—Contributory Negligence—Omission to Charge Upon.**

Where there is no suggestion of contributory negligence in the evidence

adduced by plaintiff, but it is pleaded by defendant and the issue raised by the evidence, the court's omission to charge upon the issue is not reversible error in the absence of a request for such a charge.

**4.—Charge—Assuming Fact.**

Where a given paragraph of the charge was objectionable as assuming a certain fact, but in a preceding paragraph such fact was left to the determination of the jury, and in conclusion the charge placed upon plaintiff the burden of proving that fact along with the other necessary facts, the error was not, the charge being considered as a whole, such as was likely to have misled the jury.

Appeal from the District Court of Dallas. Tried below before Hon. Thos. F. Nash.

*Clark, Mathis & Freeman, Marcus M. Parks* and *John J. Hagan,* for appellants.

*W. M. Holland,* for appellee.

RAINEY, CHIEF JUSTICE.—This suit was instituted by Avery to recover of Clara Barklow damages sustained by him by reason of being bitten by a vicious dog alleged to have been owned, kept and harbored by Clara Barklow. Defendant plead a general denial and contributory negligence. Verdict and judgment for plaintiff, from which defendant has appealed.

The petition, in effect, alleged that defendant owned, kept and harbored a vicious dog, which dog was known to be vicious, and which defendant negligently allowed to run at large upon the streets and sidewalks, which were public highways, in the city of Dallas. That plaintiff was an expressman, and while in the lawful prosecution of said occupation he was bitten and severely wounded by said dog. He sues for both actual and exemplary damages, alleging that defendant permitted said dog to run at large without restraint on said highways and with reckless disregard to the safety of the lives and persons of the public.

The court charged the jury that, "It is the duty of the owner, keeper or harborer of a ferocious and vicious dog to restrain such dog and not allow such dog to run at large on the streets of the city, where such dog may have opportunity to attack persons lawfully using the streets and if you find and believe from the evidence before you that the dog which bit the plaintiff was a dog of ferocious and vicious habits, and that the defendant, Clara Barklow, knew it was a vicious dog, and you further find that the said Clara Barklow was at the time plaintiff was bitten, the owner, keeper or harborer of the dog, you will find for the plaintiff." This charge is objected to because it instructs the jury that it was the duty of the owner, keeper or harborer of the dog as a matter of law to restrain the dog from running at large, when the law requires the use only of ordinary care in that respect. This objection to the charge is not well founded. The law imposes the duty upon the owner, keeper or harborer of a vicious dog, that is known to said owner, keeper or harborer to be vicious, to restrain such dog, and in the event such dog is permitted to run at

large such owner, keeper or harborer is liable for such damages as may be inflicted by such dog, and the court so charging was not error. (Trialo v. Foster, 57 S. W. Rep., 699; 2 Am. & Eng. Enc. Law, 366.) The defendant also objects to said charge because it was not authorized by the evidence, as "it was affirmatively shown that defendant neither owned, kept or harbored said dog, and this testimony was uncontradicted." We do not concur in this view of the evidence. There was evidence tending to show that defendant owned the dog and it was kept on her premises. There was evidence that the dog was owned by defendant's porter, who worked on the defendant's premises. It is held that where the owner of premises allows his agent to keep a vicious dog on said premises, knowing the vicious propensities of the dog, said owner is liable for the damages caused by the dog. (Harris v. Fisher, 44 Am. St. Rep., 452.

The foregoing is a sufficient answer to defendant's second assignment of error, complaining of the court's charge wherein the jury were instructed in effect that defendant would be liable if she allowed her porter to keep the dog on her premises and she knew of the dog's viciousness.

The third assignment of error is, "That the court erred in giving that portion of the charge which reads as follows: 'If you find any actual damages for the plaintiff, then if you find and believe from the evidence that the defendant, Clara Barklow, with full knowledge of the ferocious and vicious habits of the dog, if it did have such habits, permitted the dog to run at large on the public streets of the city of Dallas, being the owner, keeper or harborer of the dog, or that with such knowledge, she permitted her servant and porter, Dan James, to keep the dog on her premises and from said premises to allow the dog to run at large on the streets of the city without being guarded or confined, and further find that she did so with reckless disregard for the safety of the lives and persons of the public, and that no effort was made to restrain said dog or to protect the public from his vicious attacks, if any, then you may in your discretion find for plaintiff as exemplary damages such an amount as you believe will be proper and right'; because (1) it assumes that the defendant was the owner, keeper or harborer of the dog, and, if the testimony is not uncontradicted that she was neither, it was a controverted question, and the charge was on the weight of the evidence; (2) it is not left to the jury to say whether defendant either wantonly, wilfully or maliciously permitted the dog to run at large; (3) all the prerequisite facts necessary to a verdict for plaintiff for exemplary damages are not left to the jury before the jury is authorized to return a verdict for exemplary damages; (4) there was no evidence authorizing said charge." This paragraph of the charge, strictly construed, might possibly be subject to the criticism that it assumes that defendant was the owner, keeper or harborer of the dog, but when considered in the light of the balance of the charge the jury could not have been misled thereby. In the first paragraph of the charge the ownership, etc., of the dog is left for the jury's determination, and in the latter part of the charge the court places the burden of proof on plaintiff to show that the dog was vicious; that defendant was the owner, keeper, or harborer, or that

she permitted her servant to keep the dog on her premises; that she knew the dog was vicious and permitted it to run at large, and that plaintiff was bitten by said dog, and if plaintiff failed to make such proof to find for the defendant. The charge, when taken as a whole, evidently prevented the jury from being led astray by the defect, if any, complained of by plaintiff.

Complaint is made of the court in not charging upon contributory negligence. While it would have been proper for the court to have so charged, the failure to do so is not error which will avail appellant because no special charge to that effect was requested. · There was no suggestion of contributory negligence in the evidence adduced by plaintiff. It was plead by defendant as a defense, and the burden of proving it rested with her, and if she desired a charge thereon she should have requested it in order to take advantage of the court's omission. Had the evidence adduced by plaintiff involved the question of contributory negligence in any way that it became necessary to explain it away before he could recover, then a different question would have been presented. But in this case his testimony raised no such question. (Railway Co. v. Allbright, 7 Texas Civ. App., 21, 26 S. W. Rep., 250.)

Complaint is made of the court for refusing the following special charge, viz: "If you find and believe from the evidence that a person or persons other than defendant kept and controlled or harbored the dog that bit plaintiff, at the time alleged by plaintiff, you will find for defendant." This was not error, as this charge is practically covered by the court's main charge in paragraph 5, wherein the jury are instructed, in· effect, that if they fail to find that defendant was the owner, keeper or harborer of the dog, to find for defendant.

The judgment is affirmed.

*Affirmed.*