## COPLEY v. WILLS.

(Court of Civil Appeals of Texas. Dallas. Jan. 11, 1913.)

1. NEGLIGENCE (§ 136*)—CONTRIBUTORY NEGLIGENCE — INFANTS' RESPONSIBILITY FOR ACTS.

The question as regards contributory negligence of one 13 years old of his responsibility for his acts is for the trial court in the absence of a jury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. § 136.*]

2. THEATERS AND SHOWS (§ 6*)—PERSONAL INJURY—WILD ANIMALS.

Within the rule requiring the keeper of an animal feræ naturæ to so keep it as to absolutely prevent its injuring another, and making him liable for such injury, unless the other was voluntarily responsible for the attack, a boy who gave peanuts to a monkey running at large in a museum, and, on stooping to pick up one it had dropped, was bit by it, was not so responsible for its attack.

[Ed. Note.—For other cases, see Theaters and Shows, Cent. Dig. § 6; Dec. Dig. § 6.*]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Action by Paul Wills against E. W. Copley. Judgment for plaintiff. Defendant appeals. Affirmed.

J. D. Fouraker and Meador & Davis, all of Dallas, for appellant. H. G. Wills and E. G. Senter, both of Dallas, for appellee.

RASBURY, J. Appellee, Paul Wills, by next friend, sued appellant, E. W. Copley, in the district court of Dallas county for damages for personal injuries alleged to have been inflicted by the bite of a monkey while appellee was a patron of a combination motion picture theater and museum conducted by appellant in the city of Dallas, Tex., and at trial before the court recovered judgment. He alleged that while in appellant's place of entertainment he exercised ordinary care for his own safety in viewing the menagerie, but that appellant was negligent, in that he caused and permitted a vicious and irritable monkey belonging to his museum to be and run at large and without restraint therein among large numbers of people, and in that he failed to warn appellee, the minor, that said monkey was dangerous and irritable, and likely to attack appellee if he got in close proximity to the animal. Appellant pleaded the general denial.

In deference to the judgment of the court, we find as facts that appellant did conduct a motion picture theater and museum in the city of Dallas, the museum containing, among other things, the monkey, which attacked appellee; that appellant permitted the monkey to run at large and without restraint within the museum; that on the day alleged appellee, a minor, 13 years of age, was in attendance upon the museum, having paid the price of admission demanded by appellant; that on said day the monkey was at large without restraint in the museum; that the appellee encountered the monkey, and began feeding him peanuts as he saw other patrons doing; that he gave the animal a "couple" of peanuts which the monkey accepted with no resultant trouble; that he presented the animal with a third peanut which he accepted, but dropped it to the floor; that appellee stooped to pick the peanut from the floor when the animal ran at him and bit him upon the calf of the leg, and then ran away; that the appellee's mother, Mrs. Dunway, who was not present at the time, had prior to the injury forbidden appellee attending the museum on account of the fact that the animals were permitted to run at large, and she feared that appellee would be bitten by some of them.

[1] The only error assigned by appellant is that the judgment for appellee is improper because the testimony shows that at the time appellee was injured he was teasing or playing with the monkey, notwithstanding his mother had warned him to stay away from the museum, and was hence guilty of contributory negligence. The appellee, as we have said, was 13 years of age at the time

of his alleged injury. In passing upon the defense of contributory negligence in its application to minors, our Supreme Court in Railway Co. v. Shiflet, 94 Tex. 131, 58 S. W. 945, cited by counsel for appellant, say: "This does not bring him within the age at which courts have held a child to be exempt as a matter of law from the charge of contributory negligence, neither does it place him at such age as the court will as a matter of law hold that he was responsible for his acts." Thus the charge of contributory negligence in this case became wholly a question of fact for solution by the trial court in the absence of a jury, and, the trial court having resolved that issue in favor of appellee, it must stand.

[2] Without reference, however, to the minority of appellee and the consequent variation of the ordinary rule of contributory negligence, we are of opinion that the rule is not applicable in this case in any event, for the reason that monkeys are animals feræ naturæ or of a wild nature or disposition, and a different rule of liability obtains in case of injuries inflicted by such animals. One authority states the rule to be that: "While it is not in itself unlawful for a person to keep wild beasts, though they may be such as are of a nature fierce, dangerous, and irreclaimable, yet it is the duty of those who own or keep them to do it in such manner as will absolutely prevent the occurrence of an injury to others through such vicious acts of the animals as they are naturally inclined to commit. For any injury they may do to others the person keeping them is liable without any particular notice that they did any such things before; such notice being conclusively presumed from the nature of the animal." 2 Cyc. 368. Bearing upon the question of defenses that are available in such cases, another authority says: "If a person with full knowledge of the evil propensities of an animal wantonly excites him, or voluntarily and unnecessarily puts himself in the way of such an animal, he would be adjudged to have brought the injury upon himself, and ought not to be entitled to recover. * * * But, as the owner is held to a rigorous rule of liability on account of the danger to human life and limb by harboring and keeping such animals, it follows that he ought not to be relieved from it by slight negligence or want of ordinary care. To enable an owner of such an animal to interpose this defense, acts should be proved with notice of the character of the animal which would establish that the person injured voluntarily brought the calamity upon himself." Muller v. McKesson, 73 N. Y. 195, 29 Am. Rep. 123. See, also, Vredenburg v. Behan, 33 La. Ann. 627; Decker v. Gammon, 44 Me. 322, 69 Am. Dec. 99. These cases in our opinion establish the correct rule and have our indorsement. Under them, can it be said that appellee was in any proper sense voluntarily responsible for the

attack which injured him? We think it clear that he was not. He was in appellant's place of amusement at his invitation as a patron, and had the right to presume protection from the animals contained in the museum. Appellant permitted the monkey to run at large therein, and to that extent represented to his patrons that the animal was harmless. It was the custom of his patrons to feed the monkey with the permission of appellant, and he permitted appellee to engage in that pastime without warning. The very act which precipitated the attack was a natural thing to do, and an act not calculated to excite or arouse the ire or evil propensities of the animal, and but emphasizes the reason and necessity of the rule that requires such animals to be so kept as to absolutely prevent such occurrences.

In our opinion no error was committed upon trial of the case, and it becomes our duty to affirm the judgment.

Affirmed.