**GAMER et al. v. WINCHESTER.**

No. 13606.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 22, 1937.

Rehearing Denied Dec. 10, 1937.

C. C. Gumm, of Fort Worth, for appellants.

McLean & Woodward and Wm. J. Berne, all of Fort Worth, for appellee.

BROWN, Justice.

This suit was instituted by appellee against appellants, who are father and son living under one roof, for personal injuries growing out of an attack made upon appellee by a large German police dog, owned by the son and kept upon the father's premises.

Appellee alleged that prior to the attack his stomach was diseased, that he was in bad health and had suffered nervous prostration, and that for six months prior to such attack he had been under the care of a physician; that all his teeth had been extracted for the purpose of improving his health, and this left him in a weak, exhausted, and highly nervous condition.

The injuries suffered were alleged to be a severe bite on his left hand and arm; that he was knocked to his knees by the dog when it jumped upon him; that the attack was a great shock to his nervous system; caused him great physical pain and suffering; he suffered great fright and terror and fear of bodily injury and for his life; that such attack may cause him to have lockjaw or hydrophobia, or both, and also blood poisoning; that such cannot be determined at the time of urging the pleading, but that he continually has great fear of having such diseases and such fear caus-

es him great worry, fright, and anxiety; that the attack has greatly increased the diseases with which he suffered before the attack, and he is caused great fear, worry, and apprehension because of the effect the attack will have on his general health; he has been greatly weakened, and has been and still is unable to attend to his business (he is a farmer) and has been confined to his bed, a great part of the time. He alleged general damages in the sum of $5,000, and special damages on the following items: "Loss from inability to work at his occupation, in the sum of $150.00; said sum is the reasonable value of said work." Medical care necessary, $250; loss of turkeys, $250. And that in the future he will suffer, from inability to work, "the sum of $150.00 per month, which is the reasonable value of said work"; necessary medical care, $150. His final prayer is for $10,-000.

All exceptions to the plaintiff's pleading were overruled excepting one that need not be noticed.

The case was submitted to a jury on special issues and findings made as follows:

(1) That the dog was of a dangerous and vicious nature and disposition.

(2) That Gamer (the son) knew such fact.

(3) That Gamer (the father) knew such fact.

(4) That the dog attacked appellee.

(4A) That the dog did not bite appellee on his hand, or on his arm.

(5) Was submitted in the following language: "If you have answered Question Four, no, you need not answer this question, but if you have answered same, yes, then answer: Do you find from a preponderance of the evidence that plaintiff, Clarence Winchester, received, from such attack, if you find that such attack was made, any or all of the injuries as testified to herein?" The answer was: "Yes."

(6) Inquiries as to the amount of damages. The jury answered $1,000.

(7) Judgment against both defendants for such sum, and they have appealed.

Appellants, after filing briefs here, since the cause was argued, filed a "Supplementary Brief," and appellee objects to its consideration because it raises a new proposition, not supported by any assignment of error found in the "Brief." It is: That in submitting to the jury special issue No. 5,

the jury was permitted to consider in its answer testimony which was introduced before the jury, but not supported by the pleadings. This is fundamental error. See Miller v. Pettigrew (Tex.Civ.App.) 10 S.W. 2d 168; Perkins v. Lightfoot (Tex.Civ. App.) 10 S.W.2d 1030 (writ dismissed); and 3 Tex.Jur. par. 581, pp. 823, 824.

Being fundamental error, we must consider it whenever it is called to our attention.

It is shown that appellee testified to the following injuries which were not pleaded by him: Heart disease; low blood pressure; nausea; injury to a then injured finger that incapacitated him for work for a long period of time; indigestion; sleeplessness; loss of appetite and of weight.

For the error shown the judgment must be reversed.

We find no error in the refusal of the trial court to define "attack." This word has a well-known and commonly accepted meaning. The dog could have attacked appellee and caused him injury without actually biting him.

The assignment of error complaining of the overruling of appellants' special exception to appellee's allegation charging appellants with "criminal disregard of the rights and safety of the lives and persons of the public" is well taken.

This language is vicious and unwarranted. The ownership of a vicious and dangerous dog is not criminal negligence.

The assignment of error directed to the approval of appellee's allegations of loss of his flock of turkeys because he was not able to look after them is well taken. Such special damages are, in our opinion, too remote.

We are of opinion that appellee's counsel injected error in the record when he argued to the jury that the trial court would not have submitted certain issues if there were no evidence to support them.

We are of opinion that appellee did not go as fully into the facts to establish a basis for his loss of time, or loss of earnings, as is required of him.

He specifically pleaded a basis from which the jury could reasonably make a finding, but he did not undertake to introduce proof thereof.

Even though it be held to be a sound rule that where the plaintiff's business, or occu-

pation, is such that no definite measure of his loss can be proven, nevertheless he is entitled to a recovery, provided he brings to the jury the facts of his situation, it must follow that where he pleads a specific basis for his damages he should be held thereto, and if he does not plead such specific facts in dollars and cents, he should plead all of his facts, showing the character of his business, or occupation, and support same by the best proof possible.

Such cases as Arkansas Midland Ry. Co. v. Griffith, 63 Ark. 491, 39 S.W. 550, 551; Missouri, K. & T. Ry. Co. v. Vance (Tex. Civ.App.) 41 S.W. 167; Slaughter v. Metropolitan St. Ry. Co., 116 Mo. 269, 23 S.W. 760; Stoetzle v. Sweringen, 96 Mo.App. 592, 70 S.W. 911; and Houston E. & W. T. Ry. Co. v. Reasonover et ux., 36 Tex.Civ. App. 274, 81 S.W. 329, go no further than what we have said.

Mr. Justice Brady, in discussing a similar case to the instant suit where the loss of earnings was not capable of accurate proof, viz., Baker v. Streater (Tex.Civ.App.) 221 S.W. 1039, does not attempt to show how far the plaintiff went into the facts, but he cited, in support of the conclusions reached, City of Dallas v. Muncton, 37 Tex.Civ.App. 112, 83 S.W. 431, and El Paso Electric Ry. Co. v. Murphy, 49 Tex.Civ.App. 586, 109 S.W. 489, and in these cases actual proof was made of the earnings of each plaintiff as a basis from which the jury could reasonably ascertain the loss sustained.

Appellee was asked the following question: "Can you give us in dollars and cents the approximate sum that you lost from the 12th day of September, 1934, up until two months ago by reason of not being able to perform your work as a farmer?" Proper objection was made to the question, but the trial court permitted him to answer: "I have lost a living, I would say two thousand dollars."

This answer is shown by the bill of exceptions, but the statement of facts discloses that appellee answered: "I have lost a life." We take it that this is a typographical error, overlooked by the court stenographer and the parties to this suit.

We believe the rule approved by the Supreme Court of Arkansas in the case of Arkansas Midland Ry. Co. v. Griffith, cited supra, is a wholesome one; there the court said: "When the plaintiff (as showing his

method of arriving at the value of his services annually) testified that it required about $300 for him to make a living, implying that he made a living for himself and those dependent upon him, he exhibited a practical method of calculation far above and far more accurate than any the mere theorists have been able to discover."

In the instant case appellee pleaded that his services on the farm were worth $150 per month, as a basis for his recovery, and at no time did he testify to any facts with respect to the value of any crops previously made, or to how much it required per year for him and his family to live.

The trial court instructed the jury to award appellee a sum of money that "will fairly and reasonably compensate him for the loss of any amount of money he may have been prevented from earning, etc."

We do not believe the facts have been sufficiently developed by the appellee.

We have given much thought to the allegations and the testimony concerning appellee's suffering because of fear of rabies, lockjaw, and blood poisoning from the attack by the dog.

These are matters that would quite naturally disturb a person, living in a day in which we are all made germ-conscious by scientists and physicians. If actual bodily injury can be shown by appellee, as a result of the attack, these mental fears may be considered by the jury in arriving at the issue of appellee's mental anguish.

If any disease, with which appellee was suffering when attacked, was aggravated by the attack, or any other bodily injury was experienced as a result of the attack, then the mere fact that the dog did not bite appellee would not preclude a recovery of damages by him.

We do not believe that Mr. Gamer, the father, should have been given a peremptory instruction merely because the dog is owned by his son. It was kept on his premises, by his son, with his knowledge and consent. Barklow v. Avery, 40 Tex. Civ.App. 355, 89 S.W. 417.

The denial of a peremptory instruction for the son and owner of the dog was not error.

For the reasons given, the judgment of the trial court is reversed and the cause remanded.