Bell, J.
 

 In the interest of clarity George and Audrey Newman will be designated as plaintiffs and The Cleveland Museum of Natural History as defendant..
 

 The judgment entries in the Court of Appeals are identical and read as follows:
 

 ‘ ‘ This cause came on to be heard upon the pleadings, and the transcript of the record in the Court of Common Pleas, and was argued by counsel; on consideration whereof, the court certifies, that in its opinion substantial- justice has not been done the party complaining, as shown by the record of the proceedings and judgment under review, and the judgment of the' said Court of Common Pleas is reversed, for the reason that plaintiff failed as a matter of law to establish the liability of the defendant and final judgment is rendered for the defendant, no other error appearing in the record, and this cause is remanded to said Court
 
 *377
 
 of Common Pleas. # * * Appellee excepts. Morgan, J. dissents for the reason that the decision, of the majority is based upon the weight of the evidence and in his opinion the verdict is not against the weight of the evidence. ’ ’
 

 For the purpose of our decision we shall assume that the trial court was correct (1) in concluding, as a matter of law, that the defendant was a public charitable corporation in conducting the enterprise here in question and could not be held liable for the negligence of its agents or employees under the doctrine of
 
 respondeat superior;
 
 (2) in withdrawing from the consideration of the jury all specifications of negligence except specification No. 1; and (3) in charging the jury upon the doctrine of assumed risk. There can be little room for argument upon the proposition that the trial court was correct in concluding that the plaintiffs had the right to have submitted to the jury the one remaining issue that the defendant was negligent “in selecting agents and servants to have charge of said elephant during the course of said ride who were not trained or qualified to handle or control said elephant in such an enterprise, nor trained nor qualified to deal with said elephant if it became nervous, excited or uncontrollable.”
 

 We have pointed out the only evidence in the record as to Chery’s qualifications to handle and control Osa while she was carrying passengers upon her back,
 
 i. e.,
 
 one trip around the track while she was being handled by Wilson, and numerous trips on Saturday, the day before the accident, when he (Chery) was in control.
 

 By its verdicts the jury determined that defendant was negligent in selecting an employee, who was not
 
 *378
 
 .properly trained or qualified to handle and control Osa .at the time of. the accident.
 

 For the purpose of emphasis we again call attention to part of the language used in the judgment entries of the Court of Appeals. “ * * * and the judgment of said Court of Common Pleas is reversed, for the reason that the plaintiff failed as a matter of law to establish the liability of the defendant * * *.”
 

 We are in some doubt as to the meaning of the above-quoted language.
 

 The Court of Appeals, upon appeal on questions of law, may render final judgment against the appellee (1) where there is no evidence to sustain the verdict .and judgment or (2) where the evidence is such that reasonable minds can come to one conclusion only and that conclusion is adverse to the appellee. (See
 
 Jacob Laub Baking Co.
 
 v.
 
 Middleton,
 
 118 Ohio St., 106, 160 N. E., 629; and
 
 Hamden Lodge
 
 v.
 
 Ohio Fuel Gas Co.,
 
 127 Ohio St., 469, 189 N. E., 246.)
 

 That an elephant is a wild animal is a matter of such •common knowledge that courts will take judicial notice of that fact.
 

 The general rule as to liability of the owner or possessor of a wild animal is stated in 69 A. L. R., 509:
 

 “The English rule of absolute liability for injuries inflicted by wild animals has been held to apply to an animal belonging to the class of those wild by nature .and having the propensity to do mischief, even though the particular animal has been tamed.” (See cases cited.)
 

 2 Cooley on Torts (4 Ed.), 322, Section 270, states the rule as follows:
 

 “When wild animals are kept for some purpose recognized as not censurable, all we can demand of the keeper is that he shall
 
 take that superior precaution
 
 
 *379
 
 to prevent their doing mischief which their propensities in that direction justly demand of him.” (Italics-ours.)
 

 No case has been called to our attention which holds-that the mere fact that a wild animal has been supposedly tamed relieves the owner of liability for damages caused by such animal. Such a rule would be-contrary to both reason and authority.
 

 The defendant was bound to exercise ordinary care-to engage and assign a competent employee to handle and control Osa, while she was engaged in carrying-passengers upon her back, to prevent her from doing; injury to her passengers.
 

 We think the record makes manifest that reasonable-minds could arrive at different conclusions upon the-question of whether the defendant was guilty of negligence in assigning an incompetent employee to handle- and control Osa while passengers were riding upon her back. The jury, the trial judge and one judge of the-Court of Appeals arrived at the conclusion that the-defendant was guilty of negligence upon that submitted issue of fact and two judges of the Court of Appeals arrived at the opposite conclusion.
 

 Whether the language of the judgment entries of the Court of Appeals means that the court concluded there was no evidence to support these verdicts and judgments or whether it means that .the court concluded that upon the evidence adduced reasonable minds could come to no conclusion other than one adverse to the plaintiffs, in either event, we think such holding was error.
 

 In the ordinary course of events we would remand' these cases to the Court of Appeals to determine wrhether the verdicts are manifestly against the weight
 
 *380
 
 of the evidence. However Judge Morgan has already determined and held in each judgment entry that, in his opinion, “the verdict is not against the weight of the evidence.” By virtue of the provisions of Section 6, Article IY of the Constitution, the two remaining judges of the Court of Appeals are without lawful authority to reverse the judgments and order a retrial upon that ground. Therefore, an order of remand would amount to the doing of a vain thing.
 

 We are of opinion that the judgments of the Court of Appeals should be and hereby are reversed and the judgments of the Court of Common Pleas should be and hereby are affirmed.
 

 Judgments reversed.
 

 Wbygandt, C. J., Matthias, Hart, Zimmerman, Williams and Turner, JJ., concur.