Bell, J.,
concurring. I concur in the judgment of reversal here, solely on the ground that the petition does not allege sufficient facts to constitute a cause of action, as pointed out in the first sentence of the majority opinion.
1 can not, however, agree to the recognition of one rule for a charitable institution that operates a hospital and the perpetuation of a contrary rule for a charitable institution that does not.
In my opinion, the “long-declared public policy” mentioned in the majority opinion herein was abandoned in the Avellone case in favor of another. If stare decisis means anything, then the latest ruling made by five members of this court in the Avellone case should be recognized as an example of that doctrine. It is true, and perhaps unfortunately so, that the decision in the Avellone case did not specifically overrule the Waddell (133 Ohio St., 601), Cullen (139 Ohio St., 194) and Newman (143 Ohio St., 369) cases. It is, however, of more than incidental importance that, in stating the basis of the court’s decision in the Waddell case, Judge Gorman said:
“The well-settled rule in Ohio is that a hospital which is a *296 charitable institution is not liable for injuries resulting from negligence of its servants unless it is shown that it failed to use due care in the selection or retention of the servants who caused the injury. Taylor, Admr., v. Protestant Hospital Assn., 85 Ohio St., 90, 96 N. E., 1089; Taylor v. Flower Deaconess Home and Hospital * * *; Rudy v. Lakeside Hospital * * *; Lakeside Hospital v. Kovar, Admr., 131 Ohio St., 333, 2 N. E. (2d), 857.
“While many different theories are advanced for this limitation of liability, it is most generally held that it is against public policy to hold charitable institutions liable where the servants who caused injury were selected with care. Taylor v. Flower Deaconess Home and Hospital, supra, 66, 67.”
Similarly, in paragraph one of the syllabus in the Cullen case, specific reliance was placed by the court on the Taylor case (85 Ohio St., 90), and in the opinion further citation is made to the Rudy (115 Ohio St., 539) and Kovar (131 Ohio St., 333) cases.
Paragraph one of the syllabus of the Avellone case specifically overruled the Taylor and Rudy cases and the pertinent paragraphs of the syllabus of the Kovar' case. When a foundation is removed, a structure which had been erected thereon ordinarily collapses. 1 can come to no conclusion other than that of Judge Putnam who, in dissenting in the Avellone case, said that the rule of the Avellone case “cannot logically be circumscribed to be applicable to hospitals alone. ’ ’
Zimmerman and Matthias, JJ., concur in the foregoing concurring opinion.