**H. E. BUTT GROCERY COMPANY,**
Appellant,

v.

**Elsa R. PEREZ et vir, Appellees.**

No. 14472.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 19, 1966.

Rehearing Denied Nov. 23, 1966.

———◆———

Groce, Hebdon, Fahey & Smith, Ray A. Weed, San Antonio, for appellant.

Robert O'Conor, Jr., Nat B. King, Laredo, for appellees.

CADENA, Justice.

This is an appeal from an order of the District Court of Webb County overruling the plea of privilege of defendant, H. E. Butt Grocery Company, a corporation domiciled in Corpus Christi, Nueces County.

Plaintiff, Elsa R. Perez, joined by her husband, filed this suit to recover for physical injuries suffered by her due to fright, emotional shock and physical exertion resulting from her encounter, in the City of Laredo, Webb County, with an elephant which had escaped from the parking lot of a grocery store operated by defendant in that city.

The first count of the petition alleges that defendant permitted or caused to be kept, on a parking lot controlled by it, an elephant, and failed to keep the animal, or cause it to be kept, in such a manner as would absolutely prevent injury to others. It was further charged that the elephant, after escaping from the parking lot of defendant and roaming two miles through the streets of Laredo, entered the back yard of plaintiff's home, passing in close proximity to her, trampling a swing set where her children customarily played and, after crashing through a concrete wall, ran into an adjoining yard.

The second count of the petition, couched in terms of nuisance, alleged that the elephant was insecurely kept on defendant's premises.

The petition recited that plaintiff's injuries resulted from the failure of defendant to keep the elephant securely on its premises, and from defendant's failure to capture the beast, or cause it to be captured, within a reasonable time after its escape.

Plaintiff seeks to maintain venue in Webb County under Subd. 23 of Article 1995, Vernon's Ann.Civ.St., which provides, insofar as here relevant, that suit against a corporation may be maintained in the county in which the cause of action arose.

Defendant contends that plaintiff failed to show a cause of action arising in Webb County for each of the following reasons: (1) in the absence of allegations and proof of negligence on the part of defendant, plaintiff has no cause of action, since the rule imposing "strict liability" on the keeper of a dangerous animal is not the law in Texas; (2) the evidence will not support a finding that defendant was the "keeper" of the elephant; and (3) the evidence is insufficient to show that any act of defendant was the proximate cause of plaintiff's injuries.

1. *Liability of Keeper of Dangerous Animals.*

We do not deem it necessary to decide whether the rule of strict liability applies to the keeper of a dangerous animal in Texas.[1] While plaintiff's petition in this

---

[1] The cases relating to injuries by dangerous animals are collected in Anno: 69 A.L.R. 500 (1937). A helpful analysis of these cases is found in McNeely, A footnote on Dangerous Animals, 37 Mich. L.Rev. 1181 (1939).

In those Texas cases where adoption or rejection of the strict liability rule has been necessary to the decision, the Courts of Civil Appeals have, with apparently only one exception, applied the rule which imposes strict liability on one who keeps a dangerous animal with notice of its propensity to do harm. Copley v. Wills, 152 S.W. 830, no writ; Bly v. Swafford, 199 S.W.2d 1015, no writ; Moore v. McKay, 55 S.W.2d 865, no writ; Barklow v. Avery, 40 Tex.Civ.App. 355, 89 S.W. 417,

case does not use the word "negligence" it does charge that defendant failed to keep the elephant securely, or to cause it to be so kept. It is further alleged that, after the animal had escaped, defendant failed to recapture it, or to cause it to be recaptured, within a reasonable time.

■ If an animal which causes injury is one which long experience has shown to be, because of its species, naturally dangerous and ferocious, its keeper is conclusively presumed to have notice of its propensity to do harm. Copley v. Wills, Tex.Civ.App., 152 S.W. 830, no writ; Prosser, Torts (3rd ed., 1964), § 75, p. 514. In Western countries, and even in India, an elephant is considered to be an animal which is dangerous by nature, even when "tamed," so that its keeper is conclusively presumed to have notice of its dangerous propensities. Newman v. Cleveland Museum of Natural History, 143 Ohio St. 369, 55 N.E.2d 575; Scribner v. Kelley, 38 Barb. 14 (N.Y.); Behrems v. Bertram Mills Circus, Ltd., (1957) 2 Q.B. 1; Vedapurrati v. Koppan Mair, I.L.R., 35 Mad. 708.

■ It cannot be asserted that the keeper of an animal, known by him to be dangerous, is under no duty to·keep it securely, or that, in case of its escape, the keeper is under no duty to effect its recapture. The petition, then, clearly alleges a breach of duties owed by defendant to those who might reasonably be foreseen to be in the zone of danger should the elephant escape. Plaintiff's petition sufficiently charges negligence on the part of defendant.

■ In any event, where a naturally dangerous animal escapes and does injury, allegations of the animal's nature and of its escape are sufficient to establish a prima facie case of negligence. This was the precise holding in May v. Burdette, 9 Q. B. 101, 115 Eng.Rep. 1213, the case which is generally referred to as the origin of the doctrine of strict liability. In Congress & Empire Spring Co. v. Edgar, 99 U.S. 645, 25 L.Ed. 487, in discussing the liability of the keeper of animals known to be dangerous, said: "Compensation in such a case may be claimed of the owner or keeper for the injury; and it is an established rule of pleading that it is not necessary to aver negligence in the owner or keeper, as the burden is upon the defendant to disprove the implied imputation * * *." 99 U.S. at p. 651, 25 L.Ed. 487.

■ The evidence in this case showed that the elephant escaped from premises under the control of defendant and that, although one of defendant's employees followed it in an automobile and kept it in sight, the animal eventually found its way into plaintiff's yard, two miles from defendant's store. This evidence was sufficient to warrant an inference of negligence. In Zuniga v. Storey, Tex.Civ.App., 239 S.W.2d 125, wr. ref., n. r. e., a bull escaped from a rodeo and, after running loose upon the streets of San Antonio, entered a yard in a residential area and gored plaintiff. The testimony concerning the manner in which the bull escaped was in conflict. In holding that the trial court erred in instructing a verdict in favor of defendant, this Court, speaking through Justice Norvell, who now graces the bench of our Supreme Court, said: "The issue here is whether or not the evidence was sufficient to have supported a jury finding that appellees failed to discharge their duty to protect the public from an animal they were using for show purposes. *Whichever version of the testimony be accepted,* it appears that the bull made his escape while under the immediate control of

no writ; Triolo v. Foster, 57 S.W. 898, no writ. Contra: Badali v. Smith, 37 S.W. 642, no writ. We are aware of no

decision by the Texas Supreme Court on this precise point.

appellees' servants. Said servants failed to capture or restrain the animal until after he had run wild through the streets of San Antonio and inflicted serious bodily injury upon Mrs. Zuniga, who was two miles away from the place where the bull made his escape. From the evidence a jury could have properly concluded that appellees and their servants were negligent." 239 S.W.2d at pp. 126, 127, emphasis added.

■ We conclude, without relying on the doctrine of strict liability, that the pleadings and the evidence were sufficient to support a finding of negligence on the part of defendant.

### 2. Defendant as "Keeper" of the Elephant.

■ The elephant in question was part of a carnival which began operating on defendant's parking lot on Jan. 2, 1964, pursuant to arrangements made between the owner of the carnival and defendant at defendant's home office in Nueces County. Defendant's representatives in Laredo were ignorant of the details of the agreement between the carnival owner and defendant, and the record contains no evidence concerning the nature of such agreement. No representative of defendant took any part in the operation of the carnival. Defendant paid no money to the carnival owner, nor did defendant receive any part of the money realized from the carnival's operation. Defendant, at its store, gave away "discount" tickets which were honored by the carnival. At night, the elephant was kept in a truck. During the day it was chained to a stake so that children could feed it popcorn and peanuts.

In answer to plaintiff's request for admission, defendant stated that the purpose of having the carnival on the parking lot was to promote the business of defendant's grocery store in Laredo.

The evidence is sufficient to show that defendant did not merely tolerate the elephant's presence on premises within defendant's control, but made arrangements for the animal's presence there as a promotional scheme from which defendant hoped to derive some commercial or economic benefit. The fact that defendant, after actively procuring the presence of the beast on the parking lot, paid absolutely no attention to the manner in which the elephant was kept or to the measures taken to prevent its escape does not compel the conclusion that defendant was thereby relieved of liability. Defendant was bound to know that the animal, from whose presence it hoped to profit, "was a dangerous animal which threatened injury to innocent people," and the fact that defendant "closed its eyes to that condition is not a good defense to an action" by one who is injured by the animal. Serio v. American Brewing Co., 141 La. 290, 74 So. 998, 1001, L.R.A.1917E, 516. The fact that the animal is owned by a third person does not absolve a defendant who procured the presence of the animal on his premises for the purpose of making a profit as part of a promotional scheme. Stamp v. Eighty-Sixth Street Amusement Co., 95 Misc. 599, 159 N.Y.S. 683. Cf. Crunk v. Glover, 167 Neb. 816, 95 N.W.2d 135. In Texas a defendant has been held liable for injuries inflicted by a vicious dog kept on defendant's premises by defendant's porter, or defendant's son. Barklow v. Avery, 40 Tex. Civ.App. 355, 89 S.W. 417, no writ; Gamer v. Winchester, Tex.Civ.App., 110 S.W.2d 1190, wr. dism.

### 3. Proximate Cause.

■ Defendant, relying on Carey v. Pure Distributing Corp., 133 Tex. 31, 124 S.W.2d 847 (1939), urges that the evidence is insufficient to establish that any conduct on its part was the proximate cause of plaintiff's injuries, since the testimony

shows that the fright and emotional shock which produced the injury were due to plaintiff's concern for the safety of her children.

Plaintiff testified that about noon on the day the elephant escaped she was in the kitchen of her home preparing lunch. She heard her mother, who lived next door, screaming, but the only word she understood was "children." Plaintiff ran out the back door, and when she reached the area between her home and that of her mother, the enraged beast charged past her. The animal trampled a swing set, ran into the yard of plaintiff's mother, crashed through a concrete wall, and ran into an adjoining yard. Plaintiff ran back into her house, screaming for her children. Being unable to find them, she ran to her mother's back yard, through her mother's house, and out the front door. She saw the elephant emerge from an adjoining yard and go into a vacant lot across the street, where a small boy began to strike the animal with a broom stick. Plaintiff ran back into her mother's house and called the police.

Plaintiff testified that, during the incidents she described, she was very frightened. As a result of her experience, plaintiff, who was in the third month of pregnancy, suffered a miscarriage.

From this evidence, it must be admitted that reasonable minds could draw the inference that at least a part of plaintiff's distress was due to concern for the safety of her children and of the unidentified youngster who was beating the enraged and trumpeting elephant with a stick. However, it cannot be said, as a matter of law, that such concern for the safety of others was the sole cause of her mental distress. The enraged animal was on plaintiff's land, passed in close proximity to her, and destroyed property belonging to plaintiff. In these circumstances, it is not unreasonable to conclude that plaintiff was placed in apprehension of suffering injury herself.

■ In the Carey case, supra, plaintiff had no reason to fear for her own safety. She was not even cognizant of the nature of the event which caused injury to her husband. The Carey opinion, whatever the undisclosed reasoning on which it is based, cannot be applied to a situation where the dangerous condition or activity threatens physical injury to plaintiff, as well as to others. Where plaintiff, being in the zone of danger, is placed in fear of physical harm, physical injuries resulting from fright are not too remote to satisfy the rule relating to proximate cause. Houston Electric Co. v. Dorsett, 145 Tex. 95, 194 S.W.2d 546 (1946). It would require an unusual degree of short-sightedness to hold that it is not reasonably foreseeable that a person who is suddenly confronted with the sight of a marauding elephant on his premises would not be put in fear of his life or of bodily harm. If such fear produces physical injury, it cannot be said, under Dorsett, that, as a matter of law, the physical injury is too remote.

■ Since, in this case, plaintiff herself was in the zone of danger, defendant's contention amounts to no more than an argument that, before a defendant may be held liable, it must be held that he should have foreseen the precise manner in which the foreseeable harm occurred. Our Courts do not require such remarkable foresight. Biggers v. Continental Bus System, 157 Tex. 351, 298 S.W.2d 79, 303 S.W.2d 359 (1957); Byrnes v. Stephens, Tex.Civ.App., 349 S.W.2d 611, no writ. Thus, it has been held that physical injury resulting from fear of being bitten by a dog is compensable. Netusil v. Novak, 120 Neb. 751, 235 N.W. 335. See Restatement, Torts, § 50f, comment f.

The judgment of the trial court is affirmed.