**ARRINGTON FUNERAL HOME, Appellant,**

v.

**Paul TAYLOR et ux., Appellees.**

**No. 4483.**

Court of Civil Appeals of Texas,
Eastland.

Nov. 26, 1971.

Rehearing Denied Dec. 17, 1971.

McMahon, Smart, Sprain, Wilson & Camp, Stephen Suttle, Abilene, for appellant.

Kae L. Brockermeyer, Fort Worth, Saul Pullman, Eastland, for appellees.

McCLOUD, Chief Justice.

This is a personal injury suit brought by Paul Taylor and wife, Lucille Taylor,

against Arrington Funeral Home, Inc., for injuries sustained by Lucille Taylor when she was bitten by a dog on premises owned by Arrington Funeral Home, Inc., and occupied by William Culpepper, the owner of the dog, who was also an employee of the funeral home. The case was submitted to the jury on the theory of strict liability.

The jury found that the dog had vicious propensities; that Arrington Funeral Home, Inc., its agents, servants or employees knew that the dog had vicious propensities; that Lucille Taylor was on the premises as a business invitee; that the premises were partially used for the furtherance of the business of the funeral home; and, that Arrington Funeral Home, Inc., had the right to control the use of the premises where Lucille Taylor was bitten.

Both parties filed motions for judgment. The trial court, after disregarding certain issues he found to be immaterial, entered judgment for plaintiffs, Paul Taylor and Lucille Taylor, and the defendant, Arrington Funeral Home, Inc., appeals. We affirm.

Appellant, Arrington Funeral Home, Inc., first contends that appellees did not obtain jury findings which would support a judgment.

Appellant says that in order to establish strict liability in a dog bite case a plaintiff must prove the defendant was the owner, keeper or harborer of the dog in question. Appellant points out that appellees failed to tender and the court failed to submit any issues on this essential element of the case. There is no question but that Culpepper, the employee of appellant, owned the dog, therefore, appellant contends the trial court erred by not submitting issues inquiring as to whether appellant was the keeper or harborer of the dog. Appellant also argues that there is no evidence, or the evidence is insufficient, that it kept or harbored the dog.

Appellant contends that the evidence shows that at no time did it undertake to manage, control or care for the animal, and that these functions and activities were performed by William Culpepper for his own personal reasons.

It has been said that in a dog bite case the controlling issue to be determined is whether the party complained against has knowingly kept or harbored a vicious dog. Bly v. Swafford, 199 S.W.2d 1015 (Tex. Civ.App. 1947, no writ); Triolo v. Foster, 57 S.W. 698 (Tex.Civ.App.1900, no writ). Therefore, the question to be decided here is whether it was necessary for appellees to obtain a jury finding that the appellant corporation was the harborer or keeper of the dog. We think under the peculiar facts of this case appellees were not required to obtain a jury finding that the appellant corporation was the harborer or keeper of the dog.

The premises occupied by Culpepper cannot be characterized as strictly private. The house he occupied was located immediately behind the funeral home proper. The house and the funeral home were connected by a ramp or arch way. The area where the dog was maintained is behind the funeral home garage and in front of the house that was furnished to Culpepper. This is a small area north of the ramp. The house was furnished to Culpepper as part of his salary. The utilities were paid by the corporation. The premises furnished Culpepper included the furniture and all appliances. From time to time other employees had lived in these quarters. Culpepper's duties included anything that needed to be done at the funeral home. Every other night and every other weekend he would make ambulance calls if the funeral home received a call at night. He received his mail through the main office of the funeral home. The funeral home phone and the phone located in Culpepper's house are connected so that they ring simultaneously. Culpepper was to answer the phone when he was on duty. The jury found that the premises were partially used for the furtherance of the business of appellant.

In holding a corporation liable in a similar situation the Court in Tidal Oil Com-

pany v. Forcum, et al., 189 Okl. 268, 116 P. 2d 572 (1941) said:

"If the keeping and harboring of a dog at the company's district office by the agent in charge of that office does not constitute a keeping and harboring by the corporation, it is doubtful if a corporation might, under any circumstances, be the harborer of a dog."

While holding that the corporation was the keeper of the dog, the Court stated:

"The defendant denies that it was the dog's keeper; first, on the ground that the dog was kept at the private residence of Stevens furnished to him by the company as a part of his compensation. As we view the evidence, however, this argument is untenable. The residence cannot be said to be strictly private. As hereinbefore related, it was within the same fenced enclosure as the office and could be considered as a part of the same premises. The office is described as being maintained by Stevens for his personal convenience. It is not denied that the district superintendent had authority to establish such an office, but the character of the particular office is said to be private rather than corporate. The evidence shows that employees reported to this office for orders; that applicants applied there for work; and that a desk and company stationery furnished Stevens by the defendant was kept therein. In view of this evidence we must conclude that the premises on which Forcum was injured were maintained as a part of the operations of the defendant company." See also Serio v. American Brewing Co., 141 La. 290, 74 So. 998 (1917).

The Court in Tidal Oil Company was further concerned with the question of whether the employee had any authority to keep the dog on the premises. This is not present in the instant case. Here, the evidence is that Culpepper had express authority to keep the dog on the premises.

In H. E. Butt Grocery Company v. Perez, 408 S.W.2d 576 (Tex.Civ.App.1966, no writ)

the Court held a corporation liable for injuries sustained when an elephant escaped from a parking lot operated by the defendant. While discussing the liability of the party who controls the premises the Court said:

"In Texas a defendant has been held liable for injuries inflicted by a vicious dog kept on defendant's premises by defendant's porter, or defendant's son. Barklow v. Avery, 40 Tex.Civ.App. 355, 89 S.W. 417, no writ; Gamer v. Winchester, Tex. Civ.App., 110 S.W.2d 1190, wr. dism."

The jury found in answer to special issue number 8 that the appellant had the right to control the portion of the premises where Lucille Taylor was bitten. They also found in answer to special issue number 10 that William Culpepper had the right to the exclusive occupancy of the yard at the place where the dog was secured. The trial court found that issue number 10 was immaterial and disregarded the finding. Appellant argues that the trial court erred in disregarding special issue number 10 and that special issue number 8 and special issue number 10 are in irreconcilable conflict. We are of the opinion that the trial court properly disregarded special issue number 10 because the issue is not a controlling issue. The controlling issue was not whether the employee, Culpepper, had the right to the exclusive occupancy of the yard, but rather, whether the appellant, employer of Culpepper and owner of the premises, had the right to control the use of the premises.

Appellant also contends that the doctrine of strict liability does not apply because the dog was chained. We disagree. In Moore v. McKay, 55 S.W.2d 865 (Tex. Civ.App.1932, no writ) the Court stated the rule as follows:

"In case of injury the gravamen of the action is the knowledge of the owner that the beast was the possessor of vicious or mischievous propensities. Negligence or lack of care on the part of the owner in keeping or restraining the animal need not be shown, and proof of the absence

thereof is no defense, . . ." See also Restatement of Torts, Sec. 509.

■ The evidence shows that Lucille Taylor was rightfully on the premises. We think appellant owed the duty to see that the dog was in no position to attack persons who were lawfully on the premises. Turner v. Shropshire, 285 Ky. 256, 147 S.W.2d 388 (1941).

We do not agree with appellant that the relationship between appellant and Culpepper is nothing more than the typical relationship that exists between a landlord and tenant. Therefore, the authorities cited by appellant, that the mere ownership of premises does not make the landowner liable as a keeper or harborer of the dog, are not controlling.

■ We hold that a corporation is liable to a person injured by a vicious dog on premises owned, controlled and partially used in the furtherance of the business of the corporation, where the corporation has given its permission and consent to its employee to keep and harbor the dog on such premises.

We have considered all of appellant's points of error and all are overruled. The judgment is affirmed.