## MOORE v. McKAY.

### No. 2745.

Court of Civil Appeals of Texas. El Paso.
Dec. 15, 1932.

Rehearing Denied Jan. 5, 1933.

Isaacks & Lattner and Jesse Rosoff, all of El Paso, for appellant.

H. A. Van Tassel and John T. Hill, both of El Paso, for appellee.

PELPHREY, C. J.

Appellant, who the record shows resided at 3730 Morehead avenue, in the city of El Paso, Tex., was the owner of a German Shepherd dog. Appellee, a parcel post carrier, on or about September 26, 1930, while engaged in delivering a package at the residence of appellant, was bitten on the left leg by the dog. On the front door of appellant's residence was a sign, which appellee admits he saw before going on the porch, warning of the presence of the dog. There is a conflict in the testimony as to what was on the sign, appellee testifying that it read, "Beware of the Bad Dog," while appellant's wife testified that it read, "Don't Ring the Door Bell Beware of Big Dog."

There is a further conflict in the testimony as to how the dog got out of the house before biting appellee, he testifying that the dog came out through the door past the father-in-law of appellant, who was receiving the package from appellee, and appellant's wife testifying that he went through the screen of a window.

Upon special issues the jury found that the dog was a vicious dog; that appellant knew of its vicious character; that he failed to keep it securely confined; that the reasonable value of the trousers of appellee alleged to have been destroyed by the dog was $10; and that $100 would reasonably compensate appellee for his physical injury and mental suffering occasioned by the dog bite.

The court rendered judgment in favor of appellee for $110 and appellant has perfected an appeal therefrom.

### Opinion.

Appellant presents only two assignments of error, the first attacking the refusal of the court to instruct a verdict in his favor, and the second complaining of the submission of "Question No. 3" and in refusing to submit certain special issues tendered by him.

The propositions presented under these assignments, in substance, are to the effect that a person who, after having had notice of a warning of the vicious character of an animal given by the owner thereof, places himself in a position or situation that causes him to be injured by such vicious animal, is guilty of contributory negligence and cannot recover from the owner.

Appellee counters with the propositions that there is no evidence in the present case to sustain the theory that appellee assumed the risk and was guilty of contributory negligence; that the evidence showing the dog to be vicious, it was the duty of appellant to so restrain him as to prevent him from attacking appellee; and that appellant failed in his duty to appellee in permitting the dog to remain in the house unrestrained and un-

guarded and in opening the doors and thereby permitting the dog to come out and attack appellee.

In deciding the question here presented we must first reach a decision as to the extent of the duty and liability of the keeper of a vicious dog, whose vicious character is known to him. We find the following rule laid down in 3 C. J. § 315, p. 87, as to the duty of a keeper of wild beasts: "While it is not in itself unlawful for a person to keep wild beasts, although they may be such as are of a nature fierce, dangerous, and irreclaimable, yet it is the duty of those who own or keep them to do it in such a manner as will absolutely prevent the occurrence of an injury to others through such vicious acts of the animals as they are naturally inclined to commit; and for any injury they may do to others the person keeping them is liable irrespective of any question of negligence or knowledge of previous acts showing a vicious disposition."

In the same work in section 330, pp. 97–99, it is said: "At common law, the owner of a dog is not liable for injuries caused by it, unless it is vicious and notice of that fact is brought home to him. But when it is once established that the dog is of a vicious or mischievous nature, and that the person owning or keeping it has knowledge of that fact, the same responsibility attaches to the owner to keep it from doing mischief as the keeper of an animal naturally ferocious would be subject to, and proof of negligence on the part of the owner of the dog is unnecessary."

As to the rights and liabilities of the owner of a vicious dog, 1 R. C. L. § 59, p. 1116, announces the following: "The law clearly recognizes a right in the owner of a vicious dog to keep it for the necessary protection of life and property. But as such a creature is inherently dangerous, one assuming to exercise the right to keep it does so at his own risk, and is held strictly liable for any harm resulting to another. And if the owner of a vicious dog keeps it in such a manner that it can escape and do bodily harm, an injunction may issue to restrain him from keeping it thus negligently. In case of injury the gravamen of the action is the knowledge of the owner that the beast was the possessor of vicious or mischievous propensities. Negligence or lack of care on the part of the owner in keeping or restraining the animal need not be shown, and proof of the absence thereof is no defense, despite the possible contrary inference deducible from statements of the rule, frequently met with in the reports, that one knowingly keeping a vicious dog is prima facie liable for injuries inflicted by it. Therefore unless the owner or keeper can be relieved by some act or omission on the part of the person injured, his liability may be said to be absolute."

However, in 3 C. J. § 319, on page 90, we find this discussion of what constitutes the gist of an action for injuries inflicted by a vicious animal: "The cases, even in the same jurisdiction, are not in harmony as to the gist of an action for an injury committed by a vicious animal. A majority of them hold that the gist of the action is the keeping of the animal with knowledge of its vicious propensity, and that the liability of the owner is not affected by any degree of care he may exercise in keeping it. * * * On the other hand it is held or said in many cases that the gist of the action is negligence in not keeping the animal secure, which, however, is presumed whenever the animal is permitted to inflict injury on another."

The latter theory appears to have been adopted by the Court of Civil Appeals of Texas in the case of Badali v. Smith, 37 S. W. 642, but in Triolo v. Foster, 57 S. W. 698, 699, the same court, with the decision in Badali v. Smith, supra, before it, and referred to in its opinion, adopted and followed the doctrine first announced.

In that case complaint was made that the charge of the court made the keeper of a vicious dog liable for actual damages without regard as to whether or not he exercised care in keeping and restraining the animal. In answer to such complaint the court said: "We think the charge expresses the rule applicable in such cases. All the testimony showing the vicious disposition of the dog was in respect to its attacking people. If he had the propensity, and defendant knew it, it was his duty to keep him so that he could not do injury to persons using the streets. It is not a question of negligence, but of whether or not he kept him restrained. It seems to be the generally recognized rule that a man keeps such an animal (except as to trespassers) at his peril, though there are cases that hold otherwise."

Applying the general rule, which appears to have been adopted by the Court of Civil Appeals of Texas, to the facts here, it follows that appellant here, knowing of the vicious propensity of his dog, and we think the evidence ample to support the jury's finding that he did, would be liable for the injuries inflicted upon appellee by the dog, unless there was some act or omission on appellee's part which would relieve him.

1 R. C. L. § 65, p. 1122, has the following to say regarding contributory negligence on the part of the party injured: "As negligence, in the ordinary sense, is not the ground of liability in an action for injuries occasioned by a ferocious dog, so contributory negligence, in its ordinary meaning, is not a defense. Therefore these terms, when employed in this class of actions, may be deemed to be used, not in a strictly legal sense, but for convenience. Thus slight negligence, or the want of ordinary care, as the unintentional treading on the toes of a vicious dog, will not relieve its owner from injuries thereby occa-

sioned; and even where warnings to beware of the dog are posted about the owner's premises, it seems that he will not be exempted from liability to one who is rightfully there, or to one who is unable to read. * * * The correct rule of liability therefore seems to be that the owner cannot be relieved from it by any act of the person injured, unless it be one from which it can be affirmed that he caused the injury himself, with full knowledge of its probable consequences."

'On this subject 3 C. J. § 349, p. 108, says: "Where the foundation of liability for injuries by animals is deemed to be negligence, the ordinary doctrine of contributory negligence as a defense applies. Where, however, negligence in the ordinary sense is not the ground of liability, contributory negligence, in the sense in which the term is ordinarily used, is not a good defense, but acts must be proved, with notice of the character of the animal, which will establish that the injured person voluntarily brought the injury upon himself. The cases all agree, however, that if a person with knowledge of the evil propensities of a vicious dog wantonly excites him, or voluntarily and unnecessarily puts himself in the way of such animal, he will be adjudged to have brought the injury upon himself, and will not be entitled to recover."

The record here reveals that there was no fence across the front of appellant's property, and that the dog was not and could not have been on the front part of the premises. Appellee advanced to the door to deliver the package, without appellant seeing him. With such a condition existing, it cannot be said that appellee either wantonly excited the dog or voluntarily and unnecessarily placed himself in the way of the dog, and, therefore, there was no evidence of any act on appellee's part which would have relieved appellant from liability.

Appellee was rightfully on the premises, and, as far as this record shows, took ordinary precautions to avoid coming in contact with the dog.

The assignments are not well taken and the judgment will be affirmed.

### On Motion for Rehearing.

Appellant has called our attention to what he claims were erroneous statements in the original opinion as to the evidence in the case. The errors referred to are as to our statement that there was a conflict in the evidence as to what was on the sign on the door and as to how the dog came out of the house.

While we do not feel these matters have any bearing upon the controlling questions in the case, still, as the matter has been referred to, we will, in order to have it clear, discuss the statements made.

Appellee's testimony was to the effect that he saw the sign but did not see all that Mrs. Moore claimed was thereon, therefore, we feel that we were not in error in our statement as to a conflict in that respect.

We were, however, in error in our statement that there was a conflict as to how the dog came out of the house and that Mrs. Moore testified that he came out through the window.

A further examination of the record shows that her testimony as to the dog's getting out of the house through the window, referred to another occasion and not to the one in question.

█ Not being able to agree with appellant's contention that appellee, an invitee, by going upon the premises, after having seen the warning sign, unnecessarily put himself in the way of the dog, and, therefore, could not recover or that his action in so doing entitled appellant to have the question as to whether he voluntarily and unnecessarily put himself in the dog's way submitted to the jury, we must overrule this motion.