DAKAN v. HUMPHREYS.

No. 2523.

Court of Civil Appeals of Texas. Eastland.
Oct. 26, 1945.

Edward Brown, of Cisco, and L. H. Welch, of Breckenridge, for appellant.

Dabney & Dabney, of Eastland, for appellee.

GRISSOM, Chief Justice.

Vernon Humphreys sued Clint Dakan for damages alleged to have been caused by defendant's dogs killing plaintiff's sheep and goats. Plaintiff alleged in substance that defendant lived on a farm adjoining plaintiff's ranch and kept sheep and goat killing dogs, known by defendant to be such; that defendant negligently permitted said dogs to roam at large and kill plaintiff's sheep and goats, which negligence was a proximate cause of plaintiff's damage. Defendant alleged that he did not keep such dogs, but if he did, he had no information that should have put him on notice that unless his dogs were restrained they would likely kill the sheep or goats of another.

The jury found (1) that the dogs that killed plaintiff's sheep and goats were owned by or under the control of defendant, (2 and 3) that defendant's dogs were permitted to stray away from his premises and go upon plaintiff's premises and kill his sheep and goats. Issue No. 4 was, "Do you find from a preponderance of the evidence defendant was guilty of negligence, as that term is defined to you, in permitting his dogs, or those under his control, to stray away from his premises and go upon the premises of plaintiff, and kill his sheep and goats?" The jury answered said issue "Yes." The jury also found that defendant's dogs killed thirteen

sheep and eleven goats that belonged to defendant, and that the sheep and goats killed were of the value of $222. The court defined negligence and ordinary care, and, although the issues were so stated as to place the burden of proof on the plaintiff, also instructed the jury that the burden of proof was upon the plaintiff "to show by a preponderance of the evidence that defendant was guilty of the acts of negligence charged" against him. Judgment was rendered on the verdict for the plaintiff for $222, and defendant has appealed.

Defendant's Points One and Two present the contention that the court erred in overruling his motion for an instructed verdict. The basis for said motion was that there was no evidence that defendant's dogs were sheep killing dogs, or, if they were, that defendant had notice thereof prior to the time they were alleged to have killed plaintiff's sheep and goats on January 16, 1944, and, therefore, there was no basis for a finding that defendant was guilty of negligence in permitting his dogs to run at large.

█ It is necessary in such a case to show that the owner of a dog had actual or constructive knowledge of facts which would put a person of ordinary prudence on notice that permitting his dog to run at large might cause injury to another. Pettus v. Weyel, Tex.Civ.App., 225 S.W. 191, writ ref.; Villareal v. Alexander, Tex.Civ.App., 13 S.W.2d 712; Wengenroth v. Agold, Tex.Civ.App., 27 S.W.2d 294; Herring v. Schingler, Tex.Civ.App., 101 S.W.2d 394; Clarendon Land, Investment & Agency Co. v. McClelland, 89 Tex. 483, 31 L.R.A. 669, 59 Am.St.Rep. 70, 34 S.W. 98, ibid. 89 Tex. 483, 35 S.W. 474, 31 L.R.A. 669, 59 Am.St.Rep. 70.

█ We are of the opinion that the evidence was sufficient to raise a question of fact for the jury as to whether defendant had knowledge of facts which would put a person of ordinary prudence on notice that permitting his dogs to run at large might cause injury to another. Plaintiff testified that about six weeks or two months before the killing of his sheep and goats, on January 16, 1944, which was the basis for this suit, that he had seen defendant's dogs on his ranch; that some of his sheep and goats were killed by dogs at that time; that he then went to defendant's home and talked to him about dogs killing his sheep; that "I told

Clint (the defendant) 'I didn't know whether it was your dogs.' I said, 'the tracks are going back and forth from your place and it looks pretty suspicious;'" that defendant said he "didn't think so," to which plaintiff replied, "I said I didn't know, but it looked that way." There was evidence that if dogs kill sheep and goats they will return to the same place and kill again. The court did not err in overruling defendant's motion for an instructed verdict.

Point Three is that the court erred in refusing to submit to the jury "the controlling issue in the case as to the vicious character of defendant's dogs * * *." Points Four and Five are that the court erred in refusing to give defendant's specially requested Issues Numbers One and Two, that is, (1) whether defendant's dogs were calculated to kill sheep and goats, and (2) whether defendant had prior notice thereof. We find in the transcript three issues, wherein defendant purports to request the court to submit to the jury (1) whether defendant, prior to January 16, 1944, owned dogs of a vicious nature, "such as would reasonably be anticipated to cause them to stray from his premises onto the premises of plaintiff or another and attack and kill his sheep and goats." Issue Two was, "Do you find from a preponderance of the evidence, if the dogs in question, alleged to have killed plaintiff's sheep and goats, were the dogs of defendant, and were of such vicious nature, and did the defendant have actual knowledge or constructive knowledge prior to January 16, 1944, of the vicious nature of such dogs?" Issue Three was, "Do you find from a preponderance of the evidence that the defendant, Clint Dakan, after receiving actual or constructive knowledge of the vicious nature of his dogs and that they were of such vicious nature as would likely cause them to stray from his premises or upon the premises of another and kill his sheep and goats; that he was thereafter negligent in permitting his dogs to stray from his premises and onto the premises of plaintiff and kill his sheep and goats?"

█ Said issues were contained in one instrument, and the record does not show that they were ever presented to the court or any action taken thereon. Under all the authorities reversible error is not so shown. Error is not shown where the record fails to disclose that

the requested issues were presented to the court and refused. Texas Rules of Civil Procedure, rule 272. Several issues should not be tendered in a single instrument. Edwards v. Gifford, 137 Tex. 559, 564, 155 S.W.2d 786; Desdemona Gasoline Co. of Texas v. Garrett, Tex.Civ.App., 90 S.W. 2d 636, 641; Speer's Law of Special Issues, 370, 371; Geistmann v. Schkade, Tex.Civ.App., 121 S.W.2d 494, 497; Walton v. West Texas Utilities Co., Tex.Civ. App., 161 S.W.2d 518, writ ref.; Texas Rules of Civil Procedure, rule 277.

Defendant excepted to the court's charge (a) because it failed to submit a definition of "domestic animals," and (b) because the charge failed to submit the issue of the vicious character of the dogs, and "defendant here and now requests the court to instruct the jury that before they can find the defendant guilty of negligence they must first find and believe from a preponderance of the evidence that the dogs owned or under the control of defendant, if any, were permitted to stray upon the premises of plaintiff and kill his sheep and goats, if they did, must be of vicious nature such as would reasonably be anticipated by a reasonably prudent person to stray from his premises and attack sheep and goats of his neighbors." Defendant further excepted to the charge because it did not submit the issue of prior knowledge of the defendant as to the nature of his dogs, and "the court having failed to so instruct the jury, has failed to charge the jury the law applicable to the controlling issues in this case." In his exceptions to the charge defendant set out the following issues and requested the court to give them, together with charge or instruction submitted in connection therewith, to wit:

"Special Requested Issue No. 1: Do you find from a preponderance of the evidence that the dogs owned by or under the control of the defendant, if any, on and prior to January 16, 1944, were of vicious nature such as would reasonably cause the owner or the person in control of such dogs, to anticipate that they would stray from his premises and attack and kill the sheep and goats of plaintiff?

"Special Requested Issue No. 2: Do you find from a preponderance of the evidence that the defendant, Clint Dakan, on or prior to January 16, 1944, had actual or constructive notice of the vicious nature of his dogs and that he had such knowl-edge as would cause him to reasonably anticipate that his dogs would stray from his premises onto the premises of plaintiff and attack and kill plaintiff's sheep and goats.

"In connection with the foregoing special issues you are charged that a dog is a domestic animal and that the owner or person in control of such domestic has no responsibility or duty imposed upon him, under the law, to confine or restrain such dog unless such dogs are of such vicious nature as would cause them to stray from the premises of the owner or person in control of such dogs, and onto the premises of the plaintiff and attack and kill his sheep and goats, and you are charged that unless from the preponderance of the evidence in this case that you find and believe that the dogs of the defendant were of such vicious nature as hereinabove defined, that the defendant, Clint Dakan, had prior actual or constructive knowledge or notice of such vicious nature then you are charged that the permitting of dogs to stray from his premises or onto the premises of the plaintiff would not be such negligence under the law as would render the defendant liable for the consequence of the acts of such dogs."

We think the court did not err in refusing to give the instructions requested by defendant in his exceptions to the charge. They amounted to a request for a general charge in a case submitted on special issues. R.C.P. rule 277; Guthrie v. Texas Pac. Coal & Oil Co., 132 Tex. 180, 122 S.W.2d 1049, 1051. The words "domestic animals" were not used in the charge. It is never error to refuse to define terms not used. If the questions (1) whether defendant's dogs were sheep killing dogs, and (2) whether defendant had notice of that fact before January 16, 1944, were ultimate issues, defendant was not required to prepare and submit such issues in substantially correct form. R.C.P. rule 279. A defendant is not required to request and submit to the court correct issues where such issues are relied upon by the plaintiff to establish his case. Where the issue is a plaintiff's issue, the defendant may properly point out any defect therein by merely objecting thereto, and, in such a case, the defendant is not required to prepare and request the submission of a correct issue. Rodriguez v. Higginbotham-Bailey-Logan Co., Tex.Civ. App., 172 S.W.2d 991, writ ref. However,

R.C.P. rule 279 provides that "Failure to submit a definition or explanatory instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or explanatory instruction has been requested in writing and tendered by the party complaining of the judgment." See Great American Indemnity Co. v. Sams, 142 Tex. 121, 176 S.W.2d 312, 314.

 Defendant objected to the charge because it did not submit the issues (a) whether defendant's dogs were sheep killers and (b) whether defendant had notice thereof prior to January 16, 1944. If these are ultimate issues upon which plaintiff relies for recovery, defendant did all that was required of him when he objected to the charge because it did not include said issues. We are of the opinion that said issues requested by defendant were evidentiary only. Leeder v. Leeder, Tex.Civ.App., 161 S.W.2d 1112, 1114; Texas & N. O. R. Co. v. Neill, Tex.Civ.App., 97 S.W.2d 279, 282. The ultimate issues, we think, were substantially as follows: (1) Whether defendant's dogs killed plaintiff's sheep and goats, and, since it was undisputed that defendant permitted his dogs to run at large, (2) whether defendant was negligent in permitting his dogs to run at large, (3) whether such negligence was a proximate cause of plaintiff's damage, and (4) the amount of damages. Wichita Falls & O. Ry. Co. v. Pepper, 134 Tex. 360, 372, 135 S.W.2d 79. Defendant would not be guilty of negligence in permitting his dogs to run at large unless he had notice of such facts as would put a reasonably prudent person on notice that if he did not restrain them they might cause injury to another. City of Dallas v. Maxwell, Tex.Com.App., 248 S.W.2d 667, 670, 27 A.L.R. 927. However, we think the questions urged by defendant are included in the issues suggested above. Texas Pacific Coal & Oil Co. v. Grabner, Tex.Civ.App., 10 S.W.2d 441, 446; Rio Grande E. P. & S. F. Ry. Co. v. Guzman, Tex.Civ.App., 221 S.W. 1102, 1105, writ ref. We overrule defendant's contention that whether defendant's dogs were sheep killing dogs and whether defendant had notice thereof were ultimate issues. Our conclusion is required by the following authorities:

In Texas & N. O. R. Co. v. Sturgeon, 142 Tex. 222, 224, 177 S.W.2d 264, 265, the Supreme Court said:

"There was no error on the part of the trial court in failing to submit an issue inquiring whether either Hobson or the engine foreman had actual or constructive knowledge that Sturgeon might attempt to get on the footboard. We agree also with the Court of Civil Appeals that petitioner cannot be heard to complain here of failure to submit such issue since it made no request for its submission, and went no further than to object to the questions submitting the issues of negligence and proximate cause on the ground of omission therefrom of the element of knowledge on the part of Hobson and Hutcheson of Sturgeon's intention. Gulf C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 474, 260 S.W. 561, 32 A.L.R. 1183; Texas & N. O. R. Co. v. Crow et al., 132 Tex. 465, 123 S.W.2d 649. See Texas Law Review, Vol. 17, No. 4, p. 459. Rule 279 was so amended on September 1, 1941, as to crystallize into rule form the holding on the point involved in the cases cited.

\* \* \* \* \*

"The matter of knowledge on the part of Hobson and the engine foreman with respect to Sturgeon's whereabouts and intention was evidentiary in its bearing upon the controlling issues of negligence and proximate cause. City of Panhandle v. Byrd, 130 Tex. 96, 106 S.W.2d 660. The controlling issues were fairly submitted and there was no reason for submitting other phases of the same issues. \* \* \* Rule 279."

The precise answer to defendant's contention may be found in the language of Judge Price in the above case, Texas & N. O. R. Co. v. Sturgeon, Tex.Civ.App., 177 S.W.2d 340, 344, 345.

"The duty to exercise care could only arise after notice actual or constructive of the condition imposing same.

\* \* \* \* \*

"It is not the general practice, we think, in connection with the issue of negligence to submit an issue or explanatory instruction regarding notice to the defendant of the harmful tendency of his conduct. With some plausibility plaintiff contends that this issue was submitted in the issue as to proximate cause. To the writer, in view of the facts of this case, this contention has strong appeal. However, negligence has to do with the quality of the act or omission in question, while proximate cause deals with the consequence

thereof. Northern Texas Traction Co. v. Weed, Tex.Com.App., 300 S.W. 41.

\* \* \* \* \*

"In the case of Wichita Falls & O. Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79, the Supreme Court, by the way of illustration, outlined the controlling or ultimate issues that are ordinarily presented in an action for personal injuries alleged to have been inflicted by negligence. In this illustration, in the issue of negligence, as a component part thereof, is not set forth the factual element of notice of the harmful tendency of the act or omission in question."

Scott v. Gardner, 137 Tex. 628, 156 S.W. 2d 513, 515, 141 A.L.R. 50, deals with an action for damages under the automobile guest statute. The Gardners were riding in an automobile as the guests of Scott. While Gardner was driving, Scott kicked Gardner's hands off the steering wheel and caused the automobile to overturn and injure the Gardners. The court submitted to the jury (a) whether Scott kicked the steering wheel, and (b) whether kicking the steering wheel constituted heedless and reckless disregard of the rights of the plaintiffs. The Court said:

"The question of appellant's intoxication was not an ultimate fact issue and it was not necessary that it be submitted to the jury as an issue. The trial court's action in not so submitting it was correct. Appellant's intoxication was a fact to be considered by the jury, together with other circumstances, in answering the third special issue in the trial court's charge, which in our opinion sufficiently and correctly submitted the question as to appellant's heedless and reckless disregard, or conscious indifference."

█ We think the court did not commit reversible error in overruling defendant's objection to the conditional submission of issues. Gray v. Adolph, Tex.Civ.App., 117 S.W.2d 122, writ ref. R.C.P. rule 434.

█ The court did not submit the issue of proximate cause. Defendant did not except to the charge because such issue was not submitted. If it was a fact issue, we are required to presume that the trial court found that the negligence of defendant (found by the jury) was a proximate cause of plaintiff's injury. Defendant waived the right to have the jury pass on the issue of proximate cause by his failure to object to its omission. Wichita

Falls & O. Ry. Co. v. Pepper, 134 Tex. 360, 373, 135 S.W.2d 79; Ortiz Oil Co. v. Geyer, 138 Tex. 373, 377, 159 S.W.2d 494; Lindley v. Franklin Fire Ins. Co., 137 Tex. 196, 200, 152 S.W.2d 1109; Texas Employers Ins. Ass'n v. Miller, 137 Tex. 449, 454, 154 S.W.2d 450; R.C.P. rule 279.

We have carefully considered all of defendant's points and have concluded reversible error is not shown. The judgment is affirmed.