**BLY et ux. v. SWAFFORD et ux.**

No. 13756.

Court of Civil Appeals of Texas. Dallas.

Feb. 14, 1947.

Royall R. Watkins and Fowler Roberts, both of Dallas, for appellants.

White & Yarborough, of Dallas, for appellees.

YOUNG, Justice.

Appellees, husband and wife, as plaintiffs below, brought suit for the damages suffered by Mrs. Swafford when bitten by the dog of appellants on May 18, 1945; the cause being predicated upon negligence of the Blys in keeping a vicious dog and permitting it to inflict aforesaid injury. Trial to the court resulted in a plaintiffs' judgment for $750, which is the basis of this appeal.

As to scene of the occurrence, Mrs. Swafford, preparatory to visiting a nearby friend, had just alighted from an automobile that was parked in an alley or driveway at the rear of defendants' premises, when attacked and bitten on left leg above ankle. The animal had been confined to said back yard by means of a chain of disputed radius; there being testimony that the chain extended into the particular alleyway, defendants testifying that the dog was tied short, with Mrs. Swafford evidently trespassing on defendants' property when hurt.

Points of appeal are threefold, viz: Error in rendering a plaintiffs' judgment (1) in absence of proof that the dog was vicious and that defendants had knowledge of such viciousness; (2) in finding defendants negligent on the occasion, and in the court's failure to find that plaintiff Novice Swafford was not contributorily negligent; (3) the judgment of $750 was arbitrary and excessive in absence of proof that damages to that extent were sustained.

The trial court found (in written findings and conclusions requested by defendants) that the Blys had prior knowledge that their dog was vicious, but the securing chain was of such length as to allow it to go off the premises where it bit Mrs. Swafford; that defendants were negligent in the matter, with proximate result of said injury; that Mrs. Swafford was not con-

tributorily negligent; fixing the damages as already shown.

██ Under the cause of action stated, negligence of the dog owner is not necessarily involved, the controlling issue being limited to whether the party complained against has knowingly harbored a vicious dog. See Moore v. McKay, Tex.Civ.App., 55 S.W.2d 865, Syl. 1, holding: "Owner, whether negligent or not, knowing dog is vicious, is liable for injuries to person bitten by it, unless such person voluntarily brings injuries on himself." Also, 2 Tex. Jur., Animals, sec. 174, p. 945; Dakan v. Humphreys, Tex.Civ.App., 190 S.W.2d 371; Turner v. Shropshire, 285 Ky. 256, 147 S. W.2d 388.

The question before us, therefore, narrows to a determination of whether defendants had knowledge, actual or constructive, of the dog's allegedly evil propensities, and whether injuries admittedly inflicted were reasonably commensurate with the court's award. The dog, a "Kerrie Blue," medium size, had been kept chained for four or five months, defendant Bly further testifying:

"Q. Now, isn't it a fact, Mr. Bly, that previous to this occasion you had called the police out to your place? A. That is right.

"Q. You had thought somebody had been prowling around your place, hadn't you? A. That is right.

"Q. And you called the police out there? A. Yes, sir.

"Q. And isn't it a fact that you told Mr. Swafford about calling the police out there? A. That's right.

"Q. And isn't it a fact you also told Mr. Swafford that you told the police it was a vicious dog? A. No, I did not tell the police that.

"Q. And furthermore, the police told you to turn the dog loose and it would keep the prowlers away? A. They said do that, and I told them I wouldn't do that.

"Q. The police told you that? A. Yes, sir.

"Q. And it was after the police had the conversation with you, they told you to turn her loose? A. Yes, sir, that's right.

"Q. And you told the police you wouldn't do it? A. That's right." On Sunday, thereafter, Mr. Swafford went to the scene of the attack, talked with Mr. Bly, and testified on the trial that the following conversation ensued:

"Q. What statement, if any, on that occasion did Mr. Bly tell you he had told the police with reference to the character of the dog, as to whether or not it was tame or vicious? A. He told me he had some prowlers around there and called the police out there and the police advised him to turn his dog loose and bite the prowlers when they came around, and he wouldn't have any more trouble with them, and I told him he had better see the District Attorney before he turned it loose, because it was against the law to turn a vicious dog loose.

"Q. Mr. Yarbrough: Did he state to you at that time when he was talking about the police as to anything he told the police as to the dog being tame or vicious? A. He told me he told the police it was a bad dog. * * *

"Q. What statement, if any, did Mr. Bly make with regard to whether the dog was tame or vicious? A. He said the dog was a vicious dog."

 Although defendant denied making the admission just quoted, we conclude that the testimony is of probative force; and, viewing it in the light most favorable to the court's rendition, 17 Tex.Jur., sec. 410, p. 909, sufficiently supports the finding of the dog's vicious character, known to defendants prior to the occasion in question.

Likewise, the amount of judgment has a basis of adequate testimony. The bite may be termed severe, with immediate pain and swelling to ankle and limb and much loss of blood; requiring prompt and recurring medical treatment. According to witnesses, the gash was about one-and-one-half inches deep, lacerations resulting in bits of flesh coming out of wound and sticking on hose; Mrs. Swafford testifying that she was in bed two weeks with swollen leg, and that four months elapsed before the place completely healed; pain continuing throughout, and of having to bathe leg three or four hours per day for weeks. She exhibited three scars at time of trial (a year later) as a result of the attack, stating that in rainy or inclement weather, the aches and pains in region of injury would reappear. Contrary to appellants' complaint of excessiveness, pertinent testimony would reasonably have supported a larger award. "A finding by the trial court as to the amount of damages will not be disturbed on appeal where there is evidence to support it." 3 Tex.Jur., sec. 771, p. 1104.

The judgment under review will be affirmed.