## HILL v. PALMS et al.

### No. 6091.

Court of Civil Appeals of Texas. Amarillo.

Dec. 4, 1950.

Rehearing Denied Jan. 2, 1951.

Andress & Ramsey, Dallas, for appellant.

Chaney & Davenport, Dallas, for appellee.

STOKES, Justice.

Appellant, Robert L. Hill, instituted this action against the appellees, A. H. Palms and R. E. Palms, to recover damages for personal injuries inflicted upon him by a dog belonging to appellee R. E. Palms. The record shows that on April 22, 1948, appellant took his dog to the veterinary hospital of appellee, A. H. Palms, for treatment. In the early evening of April 28th he returned to the hospital to procure his dog or inquire about its condition. Upon arrival there he knocked upon the door and received no response. He observed a residence about 50 feet north of the hospital which he supposed was the residence of Dr. Palms and started to it across the vacant space between the two buildings. Upon reaching a point about half way between the two buildings, he was attacked and bitten on the leg by a small dog belonging to R. E. Palms. The residence belonged to R. E. Palms and not to Dr. Palms, the latter's residence being in the veterinary hospital building. The wound inflicted by the dog appeared at the time to be of small consequence but, within a few days, it became infected and developed into a serious injury.

Appellant alleged that his injuries were occasioned by the negligence of the appellees in permitting the dog to run at large illegally and contrary to the statutes of

the state and ordinances of the city of Dallas and in not training the dog to distinguish between trespassers and invitees, such as he claimed to be,..and in not warning such invitees to beware of the dog.

A jury was impaneled to try the case but, upon the completion of appellant's evidence, and upon the motion of the appellees, the court withdrew the case from the jury and rendered judgment in favor of the appellees. Appellant duly excepted, perfected an appeal to the Court of Civil Appeals of the Fifth District at Dallas, and the case has been transferred to this court by order of the Supreme Court.

Appellant presents the case for review upon six assignments or points of error in which he contends that the evidence was sufficient to have supported a verdict of the jury to the effect that R. E. Palms was negligent in permitting the dog to run loose upon the adjoining lands and premises of the parties; that Dr. A. H. Palms was negligent in not enclosing his own premises so as to prevent the dog from roving over it, and in failing to warn his patrons that the dog was running loose thereon. He asserts, therefore, that the court erred in withdrawing the case from the jury and rendering judgment in favor of the appellees.

■ The law governing cases of this kind is so well settled and has been reiterated in so many decisions of our courts that an extended discussion of it here is not necessary. It has been held in many cases, and without exception as far as we know or are able to ascertain, that the owner of a dog is not liable for injuries caused by it unless it is vicious and knowledge or constructive notice of that fact is shown or brought home to the owner. It is necessary in such cases to show by the evidence that the owner of the dog either knew of its disposition to injure persons or property or that he had knowledge of facts which would put a person of ordinary prudence on notice that permitting his dog to run at large might result in assaults or depredations by the dog and consequent injury to others. Dakan v. Humphreys, Tex.Civ.App., 190 S.W.2d 371; Carlisle v. J. Weingarten, Inc., 137 Tex. 220, 152 S.W.2d 1073; Kallum v. Wheeler, 129 Tex. 74, 101 S.W.2d 225; Herring v. Schingler, Tex.Civ.App., 101 S.W.2d 394; Trinity & S. Ry. Co. v. O'Brien, 18 Tex.Civ.App. 690, 46 S.W. 389.

■ The undisputed evidence in this case showed that appellee, R. E. Palms, had owned the dog and kept it in his home and on his premises for fourteen years; that he procured the dog when his son, Dr. A. H. Palms, was a mere lad; that both of the appellees had known the dog throughout all those years; and that it had never been known to bite or injure any other person. The premises of the appellees were located outside of the city of Dallas and it was not shown that any special stock-law had been adopted by the voters of Dallas County under which dogs were not permitted to run at large. There was no showing that the dog had theretofore bitten or injured any person or property nor was any conduct of the dog revealed which would indicate it was vicious or was likely to inflict injury upon anyone under any kind of circumstances. There was, therefore, no basis in the testimony for a jury or court to find otherwise, and, without such a showing in the testimony, the court was not required to submit the case to the jury.

■ Appellant makes the unique and impressive argument that the old rule of the common law, under which the owner of a dog was not liable for his depredations unless it was shown the owner had knowledge that the dog was vicious or had bitten other people, was developed over three hundred years ago, in the tight little agricultural communities of the British Isles when a dog was a necessary adjunct to every household and performed valuable services in herding other domestic animals, guarding the children, protecting the household and challenging intruders. He asserts that the ancient rule is now archaic and that the owner of a dog in an urban community which causes damage either to property or persons ought now to be held responsible for damage inflicted by it re-

gardless of the dog's nature, prior history or disposition to inflict injury. He insists, therefore, that the common law rule should not be observed, especially as applied to urban conditions where dogs are not necessary and serve only as pets for their owners. Regardless of the logic of this argument, the common law of England constitutes the rule of decision and continues to be in force in this State until it is altered or repealed by the legislature. The law in respect to the matters here involved has not been altered or repealed by the legislature and the courts are without authority to change it in any respect. The cases above cited and the many others cited by them show that the courts of this state have adhered strictly to the rule from the early days of the history of our jurisprudence until the present and we have no alternative but to hold in accordance with them.

From what we have said it follows that, in our opinion, no error was committed by the court in withdrawing the case from the jury and rendering judgment in favor of the appellees. The judgment of the court below will therefore be affirmed.