**Mrs. Clay WELLS, Appellant,**

v.

**David S. BURNS et ux., Appellees.**

**No. 6227.**

Court of Civil Appeals of Texas, El Paso.

March 29, 1972.

Jones, Milstead, Burgess & Moore, Richard C. Milstead, Robert H. Moore, III, Big Spring, for appellant.

Wilson, Logan, Lear & Massey, Gregory Gossett, San Angelo, for appellees.

## OPINION

RAMSEY, Chief Justice.

This is a suit for damages for loss of sheep by alleged sheep killing dogs. David S. Burns, Plaintiff-Appellee, brought suit against Mrs. Clay Wells, Defendant-Appellant, for the value of his sheep killed; for medical expenses incurred by his wife; for loss of work hours and for mental anguish resulting from Defendant's allegedly vicious dogs. Judgment was entered by the Court on a jury verdict. We affirm.

Two issues were answered by the jury favorable to the Plaintiff. The first issue inquired whether or not the Defendant's dogs attacked Plaintiff's sheep after August 9, 1969. This issue was answered "yes." The second issue awarded damages in the sum of $384.00.

The plaintiff plead and undertook to prove his cause of action on strict liability. The principal import of the Defendant's defense was based on the negligence theory.

The decisions in this State, relating to injuries by animals, in the absence of statutory violation, generally follow the common law. 25 Tex.Law Rev. 103, 4 Baylor Law Rev. 183, 16 Tex.Law Rev.

395. To impose strict liability on the owner or keeper of a dangerous domesticated animal, it becomes incumbent on the Plaintiff to plead and prove the following:

1. That the animal is of vicious, dangerous or mischievous propensities; and,

2. That the owner or keeper has knowledge, either actual or constructive, of such characteristics; and,

3. That injury or damage result from such propensities of which the owner or keeper had knowledge.

The applicable rule of law is set forth in Hill v. Palms et al., Tex.Civ.App., 237 S. W.2d 455 (n. w. h.) and followed as recently as 1971 in Lewis v. Great Southwest Corporation et al., Tex.Civ.App., 473 S.W. 2d 228 (writ ref'd n. r. e.). Other cases following the strict liability doctrine are Moore v. McKay, Tex.Civ.App., 55 S.W.2d 865 (n. w. h.); Arrington Funeral Home v. Taylor, et ux., Tex.Civ.App., 474 S.W.2d 299 (writ history not yet published); Bly et ux. v. Swafford et ux., Tex.Civ.App., 199 S.W.2d 1015 (n. w. h.); Triolo v. Foster, Tex.Civ.App., 57 S.W. 698 (n. w. h.). The majority of Texas decisions are based on strict liability. We find only two decisions are reported in which liability is predicated on negligence. Badali v. Smith, Tex.Civ.App., 37 S.W. 642 (n. w. h.) and Dakan v. Humphreys, Tex.Civ.App., 190 S.W.2d 371 (n. w. h.).

Moore v. McKay, supra, presents the clearest discussion on strict liability. Dakan v. Humphreys, supra, is strikingly similar to the facts here, and sets forth the elements that have been held necessary to support a judgment under the negligence theory.

The testimony shows that the Plaintiff was a rancher and had engaged in this occupation for some 40 years. Plaintiff's ranch and the Defendant's land were almost adjacent, though their houses were approximately one and a half miles apart. In the latter part of May or the first of June, 1969, Plaintiff noticed that his lambs were being attacked by something. The lambs were found in the pasture with their right flank chewed on or eaten. Even though Plaintiff was aware of the Defendant's dogs, he did not suspect them at first because they were so small. Prior to the time of the injuries to his lambs, the Plaintiff testified that he ran the dogs home on three occasions. The injuries to the sheep were puzzling, and Plaintiff testified as to the methods employed by various predators. He testified that dogs would usually chew on the ears and nose; that coyotes would cut their throats and kill them; that bobcats would catch lambs and carry them off, eat what they wanted and hide the remainder; and that badgers would do as bobcats and would drag the lamb into a hole. Also, he did not originally suspect dogs because he had never seen dogs "just work on the hips." He never could hear any dogs barking. Plaintiff eventually concluded, however, that dogs must be molesting his sheep since he found tracks leading from his fence line toward Defendant's home and he could not find evidence of any predator. Plaintiff and his wife would remain in the pasture at night but were never able to see what was attacking their sheep. Plaintiff's wife fell off a horse while doing so and broke her ankle. It was then that Plaintiff and his wife went to see the Defendant at her home on August 9, 1969, and advised her that her dogs were killing his sheep.

The Defendant is a widow living alone. She had the dogs to warn her of rattlesnakes and to bark when anyone approached her house. Her reaction to Plaintiff's accusation of her dogs was that she was "floored." She advised Plaintiff that if her dogs were killing his sheep he had a right to kill them. During the time in question, Defendant had a male and a female dog. The female had a litter of three pups on May 30, 1969, which would have been about the time the Plaintiff began to notice the injuries to his sheep. Demand was made by Plaintiff on Defendant for the value of his sheep but Defendant

refused to believe that her dogs were responsible due to their size.

■ No issue was submitted inquiring whether or not Defendant's dogs were vicious, dangerous or mischievous, nor was any issue submitted inquiring whether or not Defendant had actual or constructive knowledge of such propensities. No request was made for either submission. Both issues are basic and fundamental to impose strict liability and, as stated in Moore v. McKay, supra, constitute the very gravamen of the cause of action. However, Defendant made no objection to the Court's failure to submit such issues as contemplated by Rule 274, Texas Rules of Civil Procedure. Thus, the Defendant has waived any error in failing to present such objection.

■ The Defendant did object generally to the failure of the Court to submit issues that would be sufficient to support a verdict, which objection was carried forward in a motion for judgment non obstante veredicto, motion for new trial. The objections are all couched in general terms and are not sufficient to comply with Rule 274, T.R.C.P. in order to apprise the Court the basis of such objections. It is generally held that when there are no objections or requests concerning omitted special issues, they will be deemed found in support of the judgment if there is evidence to support such implied findings. Rule 279, T.R.C.P.; Boyett v. Enders, Tex.Civ.App., 456 S.W.2d 701 (n. w. h.); Kirk v. Standard Life and Accident Insurance Company, 475 S.W.2d 570 (Tex.Sup. Ct.1972); Wichita Falls & Oklahoma Ry. Co. et al. v. Pepper, 134 Tex. 360, 135 S.W.2d 79 (1940). The rule, however, is subject to the limitation that such implied or deemed finding may be used in support of a judgment and may be supplied if the omitted issue is referable to the other issues submitted.

■ The Plaintiff's cause of action was plead and tried on the theory of strict liability and on only one theory of recovery.

We therefore hold that the findings of the jury as to the injuries and damages to the sheep were referable to the issues omitted and that such issues will be deemed found by the Court in such manner as to support the judgment. Rule 279, T.R.C.P.; Ackerman v. Pride of West Lodge No. 12 et al., Tex.Civ.App., 217 S.W.2d 55 (ref. n. r. e.); McDonald, Texas Civil Practice, Vol. 3, Sec. 12.36.5, p. 438.

■ The Defendant assigns four points of error. The first point complains of the insufficiency of the evidence to support the jury finding that the Defendant's dogs killed Plaintiff's sheep after August 9, 1969. The evidence is entirely circumstantial. The day after Plaintiff's conversation with the Defendant, Plaintiff obtained the services of a trapper and set traps at the location of his fence where the tracks had been found. The first night, a dog was caught which Plaintiff identified as one of Defendant's dogs. Three or four nights later, another dog identified as belonging to Defendant was trapped. In September, Plaintiff saw two of Defendant's dogs at his barn just before sundown. He and one Curtis Palmer, who also testified, saw the dogs again by car light at Plaintiff's barn. The dogs ran south toward Defendant's home. Plaintiff did not actually see the dogs attacking his sheep, but immediately went into the corral and found wool all over the lot and his sheep bleeding from being attacked. No varmints were found and thus Plaintiff concluded that his sheep were molested by Defendant's dogs. About a week later, the dogs had some sheep hemmed in a corner. Plaintiff killed one dog. A few days thereafter, Plaintiff killed a fourth dog and the sheep killing stopped. Plaintiff identified all of the dead dogs as belonging to Defendant. Testimony was introduced that no other dogs in the vicinity of Plaintiff's pasture were running loose and no varmints were observed. Defendant, by her own admission, did not restrain or pen her dogs after her conversation with Plaintiff.

In viewing the evidence in its entirety, the events occurring prior to August 9th forming the basis for Plaintiff's conclusions as to Defendant's dogs would be of questionable probative sufficiency. No complaint is made concerning this, however. The subsequent events occurring after August 9th are of sufficient probative force to constitute a basis of legal inference and are sufficient to support the jury's answer to the issue submitted. Arkansas Louisiana Gas Company v. Warren, Tex.Civ.App., 460 S.W.2d 460 (n. w. h.). We therefore overrule Defendant's first point of error.

■ Defendant's second and third points of error complain that there is no evidence or insufficient evidence to support the jury finding that Plaintiff's sheep of a specific value had been lost resulting from injuries inflicted by Defendant's dogs. The only testimony introduced was by the Plaintiff. He testified as to the number of sheep that he lost over the entire period of time as well as the number lost after August 9th. In addition, he testified as to his opinion as to the value of lambs and ewes in the county at that time. There is no testimony to the contrary, and the total amount testified to by him is considerably in excess of the amount found by the jury. We therefore overrule these two points of error.

■ Defendant's fourth point complains of the trial Court entering judgment for the Plaintiff in the absence of pleadings, evidence or jury finding that the Defendant ever received such knowledge of her dogs' conduct as would put an ordinarily prudent person on notice that her dogs should be restrained. Knowledge is a required element to imposed liability on the owner of an animal under either the strict liability or negligence theory relating to dangerous animals. Here, however, such objection was not made to the Court's charge prior to its submission to the jury and this point is thus disposed of under the implied or deemed finding rule discussed under Defendant's point number one and is overruled.

For the foregoing reasons, we affirm the judgment of the trial Court.