Billie Ann Allen et al. v. Frances Albin, et al
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-063-CV

     BILLIE ANN ALLEN, 
     AS NEXT FRIEND OF B.A., A MINOR,
                                                                         Appellants
     v.

     FRANCES ALBIN 
     AND GLADYS HAFERKAMP,
                                                                         Appellees
 

From the 170th District Court
McLennan County, Texas
Trial Court # 2000-1736-4
                                                                                                                
                                                                                                         
DISSENTING AND CONCURRING OPINION
                                                                                                                

      There are two summary judgment orders under review in this case. Albin filed a no-evidence
summary judgment motion as to Allen’s strict liability and negligence claims against Albin. 
Haferkamp filed a no-evidence summary judgment motion as to Allen’s negligence claim against
Haferkamp. The majority reviews Albin’s no-evidence summary judgment motion and
determines, based on challenged evidence, that the trial court erred in granting summary judgment
for Albin regarding the strict liability claim, but did not err in granting summary judgment for
Albin regarding Allen’s negligence claim against Albin. Then the majority determines the trial
court erred in granting summary judgment for Haferkamp regarding Allen’s negligence claim
against Haferkamp.
      I believe the majority has erred in the following ways: (1) holding that Allen has produced
evidence regarding each of the four required elements of strict liability, specifically, that Albin’s
dog had vicious, dangerous, or aggressive propensities abnormal to its class and that Albin knew
prior to B.A.’s injury that her dog had such propensities which were the producing cause of
B.A.’s injury; (2) applying the traditional summary judgment standard of review to Haferkamp’s
no-evidence motion for summary judgment; and (3) determining the trial court did not implicitly
sustain Albin’s objections to Allen’s evidence based on the deadman’s statute.


 Tex. R. Evid.
601(b).
      First, I will discuss the reasons I must respectfully dissent from the majority’s holding that
the trial court erred in granting Albin’s no-evidence summary judgment motion regarding Allen’s
strict liability claim. Next I will discuss my disagreement with the majority’s decision to review
Haferkamp’s no-evidence summary judgment motion as a traditional summary judgment motion,
and finally I will discuss the reasons why I believe the trial court sustained the objections
regarding the deadman’s statute.
ALBIN’S NO-EVIDENCE SUMMARY JUDGMENT MOTION
Standard of Review
      Because Albin filed a no-evidence summary judgment motion, the burden to produce evidence
that would prevent the motion from being granted was placed on Allen. Tex. R. Civ. P. 166a(i). 
Allen must present more than a scintilla of probative evidence to raise a genuine issue of material
fact on each of the challenged elements. Moore v. K-Mart Corp., 981 S.W.2d 266, 269 (Tex.
App.—San Antonio 1998, pet. denied). As the majority correctly stated, more than a scintilla of
evidence exists “if the evidence furnishes some reasonable basis for differing conclusions by
reasonable minds” about a vital fact’s existence. Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63
(Tex. 1983). But no more than a scintilla of evidence “exists when the evidence offered to prove
a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence,
and in legal effect is no evidence.” Coastal Conduit & Ditching v. Noram Energy, 29 S.W.3d
282, 284-85 (Tex. App.—Houston [14th Dist.] 2000, no pet.). And in the case of a no-evidence
summary judgment motion, if reasonable minds could not differ as to the conclusion to be drawn
from the non-movant’s evidence, the movant’s motion should be granted. See Triton Oil & Gas
Corp. v. Marine Contractors & Supply, Inc., 644 S.W.2d 443, 446 (Tex. 1982); Ridenour v.
Herrington, 47 S.W.3d 117, 120 (Tex. App.—Waco 2001, pet. denied).
Allen’s Burden
      There are four elements that a plaintiff must prove to prevail in a strict liability action for
injury by a dangerous domesticated animal: 1) the defendant was the possessor or owner of the
animal; 2) the animal had vicious, dangerous, or aggressive propensities abnormal to its class; 3)
the defendant knew or had reason to know the animal had such propensities; and 4) those
propensities were the producing cause of the plaintiff’s injury. Wells v. Burns, 480 S.W.2d 31,
33 (Tex. App.—El Paso 1972, no pet.); Villarreal v. Elizondo, 831 S.W.2d 474, 477 (Tex.
App.—Corpus Christi 1992, no pet.); Dunnings v. Castro, 881 S.W.2d 559, 561 (Tex.
App.—Houston [1st Dist.] 1994, writ denied). A strict liability claim for damages caused by
dangerous domesticated animals must be “predicated upon a showing of the vicious or aggressive
tendencies of the animal and the owner’s knowledge of” those vicious or aggressive tendencies. 
Dunnings, 881 S.W.2d at 561; see Marshall v. Ranne, 511 S.W.2d 255, 258 (Tex. 1974).
      Thus, Allen must produce evidence that would allow reasonable minds to differ that the dog
that either bit or scratched B.A. had vicious, dangerous, or aggressive propensities that are
abnormal when compared to other dogs; that Allen knew or had reason to know prior to the injury
that the dog had such propensities; and it was the vicious, dangerous, or aggressive propensities
of the dog that were the producing cause of B.A.’s injury. If the evidence Allen presents only
creates a mere surmise or suspicion for any of the required elements it will not withstand Albin’s
no-evidence summary judgment motion.
Evidence
      Allen initially responded to Albin’s no-evidence motion for summary judgment with a
transcript of a deposition of Haferkamp, a co-defendant in the case, taken on November 21, 2000. 
After the trial court granted Allen a continuance, she supplemented her response with a statement
made by Haferkamp to Haferkamp’s attorney taken on April 28, 2000; a transcript of a phone
conversation between Haferkamp and Lisa Simpson, an insurance representative, taken on January
17, 2000; and a transcript of a deposition of Michael Henderson, Albin’s grandson, taken on
January 10, 2001.
      Haferkamp’s deposition testimony and statements reveal she did not have personal knowledge
of the dog or the dog’s propensities. Haferkamp’s description of the dog’s propensities reportedly
come from statements made by Albin while Albin and Haferkamp stood in Haferkamp’s front yard
after B.A. was injured. Henderson’s deposition testimony reveals he gave the dog to his
grandmother as a present, played with the dog regularly when he visited his grandmother, and had
no knowledge of the dog biting or scratching anyone.
      The evidence submitted by Allen in response to Albin’s no-evidence motion for summary
judgment fails to produce a scintilla of evidence that the dog had vicious, dangerous, or aggressive
propensities that were abnormal when compared with other dogs or that Albin knew her dog had
such propensities prior to the time B.A. was injured. What the evidence does show is that B.A.
was standing by the fence holding a cookie in his hand; the dog either bit or scratched B.A.
through the fence while B.A. was standing at the fence; the children in Haferkamp’s care had
previously played with the dog without incident; Albin regularly cared for and played with her dog
while in her yard; the dog sometimes tripped Albin; Henderson regularly played with the dog in
Albin’s yard without incident; after B.A. was injured, Albin made statements to Haferkamp that
the dog was bad, mean, ferocious, and did not like children. Missing from this evidence are any
facts that would support Albin’s statement regarding the propensities of her dog; that the dog’s
biting or scratching B.A. under the circumstances was abnormal when compared to other dogs;
and that Albin was aware her dog would bite or scratch prior to B.A.’s injury. See Dunnings v.
Castro, 881 S.W.2d 559, 561 (Tex. App.—Houston [1st Dist.] 1994, writ denied).
      Allen presents evidence the dog had previously tripped Albin, but offers no evidence the dog
had previously bitten or scratched anyone, much less a child. If B.A. had been injured by the dog
tripping him, Allen could try to rely on the evidence presented to show that tripping is a vicious,
dangerous, or aggressive propensity abnormal to dogs, that Albin was aware of the tripping prior
to the injury, and the tripping was the producing cause of B.A.’s injury. However, Allen does
not produce evidence that the dog had vicious, dangerous, or aggressive propensities that could
be viewed as abnormal when compared to other dogs in regard to biting or scratching, which is
the alleged producing cause of B.A.’s injury.
      Even though the majority states “a jury might infer that even though the conversation between
Albin and Haferkamp occurred after the attack, Albin was conveying what she already knew about
the dog’s nature,” (maj. op. p.13) it was Allen’s burden to produce evidence that rises to more
than a mere surmise or suspicion that Albin knew prior to the time of B.A.’s injury that her dog
had vicious, dangerous, or aggressive propensities that were abnormal when compared to other
dogs. And Allen was unable to produce evidence that even remotely showed Albin had knowledge
of the dog biting or scratching anyone prior to B.A.’s injury. Just the opposite in fact. Allen
produced evidence that to Albin’s knowledge, Albin, Henderson, and the children cared for by
Haferkamp had all previously played with the dog without incident.
      Based on the evidence, it is just as likely if not more likely that the dog was excited and
exuberant as opposed to vicious, dangerous, or aggressive when B.A. was injured. I do not
believe Allen met her burden to establish a scintilla of evidence that the dog had vicious,
dangerous, or aggressive propensities that are abnormal when compared to other dogs, or that
Albin knew of such propensities prior to B.A.’s injury. Because Allen was unable to present
evidence for two of the four required elements, it was not error for the trial court to grant Albin’s
no-evidence summary judgment motion.
HAFERKAMP’S NO-EVIDENCE SUMMARY JUDGMENT MOTION
Disagreement Regarding the Standard of Review
      The majority chooses to examine Haferkamp’s motion as a traditional motion for summary
judgment because Haferkamp presented her no-evidence summary judgment motion with
documentary evidence she contended would conclusively show there was no genuine issue of
material fact regarding the proximate cause of B.A.’s injury.
      As I stated in my dissent of Jacobo, “[w]hat is clearly a no-evidence motion cannot be
disregarded, or ‘treated’ as a traditional motion, because of a reference to summary judgment
evidence on which the no-evidence motion does not rely—evidence which is unnecessary to
properly grant the no-evidence summary judgment motion.” Jacobo v. Binur, 70 S.W.3d 330,
342 (Tex. App.—Waco 2002, pet. filed) (Gray, J. dissenting). Because a no-evidence summary
judgment motion shifts the burden of presenting evidence to the non-movant, Haferkamp did not
need any evidence presented with her motion for the motion to be granted. The evidence
presented just reiterates Haferkamp’s assertion that there is no evidence to establish proximate
cause, and that the only evidence available on the subject, and which she presented, is in fact to
the contrary.
      The majority’s treatment of Haferkamp’s no-evidence summary judgment motion as a
traditional summary judgment motion causes the review to be conducted using an improper
standard of review. This application of the traditional summary judgment standard disregards
Rule 166a(i) and is not a proper reading of Williams and Ethridge. Jacobo, 70 S.W.3d at 341-42;
Williams v. Bank One, Texas, 15 S.W.3d 110, 116 (Tex. App.—Waco 1999, no pet.); Ethridge
v. Hamilton Co. Elec. Coop. Ass’n, 995 S.W.2d 292, 295 (Tex. App.—Waco 1999, no pet.).
      As was the motion in Jacobo, Haferkamp’s motion was very explicit. Haferkamp’s motion
is captioned as a no-evidence summary judgment motion. Allen responded to the motion as a no-evidence summary judgment motion by presenting evidence she believed raised more than a
scintilla of evidence for each of the required elements of her negligence claim in both her original
response and her supplemental response. Both Haferkamp and Allen argued the motion as a no-evidence summary judgment motion to the trial court and the trial court ruled on the motion as a
no-evidence summary judgment motion. No one at the trial court level was confused or mislead
by Allen’s filing even though it made reference to summary judgment evidence. This evidence
was attached in support of Haferkamp’s assertion that Allen had no evidence regarding proximate
cause because Haferkamp’s testimony that she had no knowledge of the dog’s presence prior to
the injury was undisputed, and therefore, Allen could not establish the foreseeability element of
proximate cause.



      Until the precedential value of Jacobo is settled, I must continue to respectfully dissent to the
majority’s review of what is clearly a no-evidence motion for summary judgment under the
standard of review for traditional summary judgments. 
Concurrence in the Result
      Under a no-evidence summary judgment standard of review it was Allen’s burden to present
more than a scintilla of probative evidence in order to raise a genuine issue of material fact for
each of the required elements of negligence. Moore v. K-Mart Corp., 981 S.W.2d 266, 269 (Tex.
App.—San Antonio 1998, pet. denied). The evidence Allen presented to the trial court, including
a deposition of Henderson and Haferkamp’s own descriptions of the event, meets this burden. 
Therefore, I concur in the majority’s result that it was error for the trial court to grant
Haferkamp’s motion for summary judgment.
IMPLIED RULING BY THE TRIAL COURT
      I believe the majority errs, however, in holding that the trail court did not implicitly sustain
objections based on the deadman’s statute.


 Tex. R. Evid. 601(b). In Williams, we held that the
trial court’s granting of the plaintiff’s summary judgment motion created an inference that the
court implicitly overruled the defendant’s motion for continuance. Williams v. Bank One, Texas,
15 S.W.3d 110, 114-15 (Tex. App.—Waco 1999, no pet.).
      Here, Albin objected to evidence presented by Allen in response to Albin’s no-evidence
summary judgment motion. And there is ample indication in this case that the trial court
considered the objection to Allen’s summary judgment evidence including a reference to the
objections in the judgment. Similar to Williams, we can conclude that the trial court’s granting
of Albin’s motion creates an inference that the trial court implicitly sustained Albin’s objections.
Otherwise, the summary judgment would not have been granted. Therefore, I believe the trial
court did implicitly sustain Albin’s objections to evidence based on the deadman’s statute
regarding statements made by Haferkamp which she attributed to Albin, who is now deceased. 


                                                                   TOM GRAY
                                                                   Justice

Dissenting and concurring opinion delivered and filed December 31, 2002
Publish